EMORY M. VAN TASSEL *v.* THE GREENWICH INSURANCE COMPANY of the City of New York.

*Insurance policy — how canceled — offer of a company to insure in a less amount, not binding unless accepted within reasonable time — what is a reasonable time.*

A policy of insurance provided for its cancellation on five days' notice by the company, or on the request of the insured, also for its renewal from time to time. It was once renewed, and on January 1, 1891, a binding slip was issued by the company, continuing the insurance from noon of that day. On January seventh the company wrote, notifying the agents who obtained the insurance, that the policy would be renewed for only $5,000, half the original amount, and was not held binding for more.

72  141
151a 132

72  141
28ap165

72h 141
s54ad388

72h     141
s 83h    612
Case 17
s 28 AD 163
s 54 AD 386
s 66 AD 532

On January thirteenth the property was totally destroyed by fire, and thereafter an action was brought to recover the sum of $5,000 as the amount due on the policy, a tender of the premiums for that amount having been made.

The plaintiff, the insured property, the office of the defendant and of its agents, were all in the city of New York.

*Held,* that the policy was renewed by the binding slip;

That the letter was not effectual as a notice of cancellation, but was a mere proposition for reduction;

That had the defendant stood on the original contract he could have recovered the full amount;

That the plaintiff had elected to consider the original policy at an end, and that the letter did not create a new insurance as its terms had not been accepted;

That such an offer must be accepted within a reasonable time, and that a delay of six days, under the circumstances of the case, the fire having intervened, was an unreasonable delay.

When the facts are undisputed, the question as to what is a reasonable time is one for the court.

MOTION by the defendant, the Greenwich Insurance Company of the city of New York, for a new trial upon exceptions ordered to be heard at the General Term in the first instance, a verdict having been directed for the plaintiff at the New York Circuit on the 12th day of April, 1893.

In consideration of fifty dollars the defendant, by its policy dated January 11, 1889, insured the plaintiff from noon, January 1, 1889, until noon, January 1, 1890, against loss by fire on his building situated on the northeast corner of Thirteenth avenue and West Eleventh street in the city of New York. Among other provisions, the policy contained the following :

" This policy may, by a renewal, be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void.

" This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation. If this policy shall be canceled, as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate ; except that when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium."

In consideration of fifty dollars the defendant, by its renewal receipt, dated January 2, 1890, continued the policy in force until noon of January 1, 1891.

On the 1st day of January, 1891, Beecher & Benedict, insurance brokers, presented to the defendant the following application :

" BEECHER & BENEDICT,

" NEW YORK, ............189  .

" Insure E. M. Van Tassel.

    " $10,000 for 12 months @

" On

" Building N. E. corner 13th Ave. & W. 11th Street, N. Y. City.

" In Store

        " Binding this 1 day of January, at noon.

"(This memo. to be void on delivery of the policy at the office of Beecher & Benedict.)

| " COMPANY. | AMOUNT. | ACCEPTED. |
|---|---|---|
| " Greenwich. | 10,000 | |
| " Renewal. | | |
| " 559298. not in force. | | WM. ADAMS." |

Afterwards the defendant wrote to Beecher & Benedict as follows :

" THE GREENWICH INSURANCE COMPANY,

" 161 Broadway,

" NEW YORK, *Jan.* 7, 1891.

" BEECHER & BENEDICT, 145 Broadway :

" GENTLEMEN — Your application for renewal of insurance for E. M. Van Tassel at n. e. Cor. 13th Ave. & West 11th St. IS DECLINED for $10,000 ; would renew for $5,000, if wanted.

" You will, therefore, consider that the risk is NOT HELD BINDING by this Company for more than $5,000.

" Very truly yours,

" M. A. STONE,

" *Secretary.*"

During the night of January 13, 1891, the building was destroyed by fire, and on the fifteenth of the same month Beecher & Benedict gave the defendant written notice of the loss, claiming that it was liable on a contract of insurance for $5,000, and on the thirty-first

of that month they offered to pay the premium on that sum, for one year, at the rate of seventy-five cents per annum, amounting to thirty-seven dollars and fifty cents, less twenty-five per cent, their commission, which the defendant refused to receive.   On the 20th of February, 1891, the plaintiff served the defendant with proofs of loss, claiming that it was liable on a contract insuring the property for $5,000, which proofs of loss the defendant returned on the next day.    No policy or renewal receipt was ever delivered by the defendant to Beecher & Benedict or to the plaintiff.    This action was brought to recover $5,000 with the interest thereon.    The following allegation is contained in the complaint:

" 2.   On and before the 1st day of January, 1891, the plaintiff applied to the defendant for insurance against loss on the building and property situated on the northeast corner of Thirteenth avenue and West Eleventh street in the city of New York, and the defendant on said day agreed to and did become insurers of said property for twelve months from said first day of January, 1891, for the sum of five thousand dollars, and the defendant further agreed that it would execute and deliver to plaintiff a policy of insurance covering said property in the usual form of policies of insurance issued by it, the defendant, for the sum of five thousand."

The defendant denied that it insured the plaintiff's property for $5,000 as alleged, and also denied that it agreed to execute and deliver to the plaintiff a policy of insurance on the property for $5,000.

At the close of the plaintiff's evidence the defendant moved that the complaint be dismissed, which was denied and an exception was taken.    The plaintiff thereupon moved that a verdict be directed in his favor for $5,591.86, the amount of his claim, which was granted, and the defendant excepted.    The defendant's exceptions were ordered to be heard at the General Term in the first instance.

*Henry G. Ward*, for the appellant.

*C. N. Bovee, Jr.*, for the respondent.

Follett, J.:

There is a distinction between a contract of insurance and a contract to insure.   (*Union Mutual Ins. Co.* v. *Commercial Mutual*

*Marine Ins. Co.,* 2 Curtis, 524 ; affd., 19 How. 318 ; *Insurance Company* v. *Colt,* 20 Wall. 560 ; *Putnam* v. *Ins. Co.,* 123 Mass. 324.) The complaint was evidently drafted with this difference in mind and with the view of enabling the plaintiff to recover on whichever kind of contract he should be able to establish.

Was there a contract of insurance outstanding January 13, 1891, the date of the fire ?

The policy provides : " This policy may, by a renewal, be continued under the original stipulations in consideration of premium for the renewed term." The policy had been once renewed for the year 1890 at the same rate of premium charged for the original policy, and the defendant understood from the application filed that the plaintiff desired not a new policy but a renewal of the one outstanding for the year 1891. This is apparent from defendant's letter of January 7, 1891, in which it said : " Your application for renewal of insurance for E. M. Van Tassel," etc. The binding slip of January 1, 1891, continued the original policy for $10,000 in force subject to " the original stipulations " therein contained. It was provided in the policy that any renewal of it should be subject to its provisions, which is the legal effect of a " binding slip." (*Lipman* v. *The Niagara Fire Insurance Co.,* 121 N. Y. 454 ; *Karelsen* v. *The Sun Fire Office,* 122 id. 545 ; May on Ins. [3d ed.] §§ 44–59.) By the binding slip the defendant contracted to continue its policy in force for $10,000 during the year 1891. This slip bound the company as effectually as the usual renewal receipt issued by insurers, and there was no way in which the defendant could, without the plaintiff's assent, terminate its contract except in the mode provided in the policy. This it failed to do. The letter of January seventh was not effectual as a notice of cancellation, and at most it simply informed the insured that unless he consented to accept a policy for $5,000 and surrender the contract which he then held, that the insurance would be canceled. To give this letter greater effect would be permitting the defendant to put an end to its contract in a way not provided for. The letter amounted only to a proposition by the defendant to the plaintiff to consent to a reduction of the amount insured. He had the right to accept the proposal or to stand by the contract then existing. He was not

bound to take further action in the matter. Until the policy was canceled in accordance with its provision it was in force and the plaintiff was liable for the premium earned while the risk was covered. Had the plaintiff stood on this contract it is difficult to see how a recovery for the full amount insured by it could have been defeated. But the difficulty with the plaintiff's case is that his conduct shows that he elected to consider the original policy at an end. This intention was manifested:

(1) By claiming that the defendant was liable for $5,000 when he gave notice of loss;

(2) By tendering the premium on an insurance for $5,000;

(3) By filing proofs of loss for $5,000;

(4) By bringing this action for the recovery of $5,000.

This conduct requires us to hold that the plaintiff acquiesced in the termination of the contract of insurance for $10,000, and it follows that there was no outstanding contract of insurance at the date of the fire, unless the sentence in the defendant's letter of January seventh can be construed to be such. The sentence is: " You will, therefore, consider that the risk is not held binding by this company for more than $5,000."

A contract cannot be made without a meeting of the minds of the parties and an agreement on its terms. The defendant could not impose on the plaintiff a new contract of insurance for $5,000, and at a higher rate of premium, without his assent. It is clear, we think, that the company could not have collected this premium on this sum from the plaintiff without his acceptance of the new contract tendered. He did not manifest his acceptance of the new contract offered by the defendant until after the fire. This was too late, provided a reasonable time had elapsed in which he should have signified his assent. An insurer is not bound by an offer to insure property unless it is accepted, and it cannot be maintained that an owner can delay his acceptance for six days under the circumstances disclosed by this case and until the property is destroyed by fire, and then by an acceptance bind the company. The plaintiff, his agents and the defendant were engaged in business in the same city, and the property to be insured was situated in that city. We think that permitting six days to elapse without accepting the defendant's proposition was an unreasonable delay. When the facts are undis-

puted, the question, what is a reasonable time, is one of law for the court. (*Wiggins* v. *Burkham*, 10 Wall. 129–132; May on Ins. [3d ed.] § 368; Thomp. on Trials, §§ 1530 *et seq.*) There was no contract of insurance outstanding when the building was burned.

Was there a binding contract to insure the property for $5,000 when the fire occurred? As before stated, an insurance company is not bound by its offer to insure unless it is accepted, which, as we have held, was not done in this case within a reasonable time. No binding contract to insure existed when the loss occurred.

The defendant's motion for a new trial must be granted, with costs to it to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Defendant's motion for new trial granted, with costs to abide the event.