EMORY M. VAN TASSEL, Appellant, *v.* THE GREENWICH INSURANCE COMPANY of the City of New York, Respondent.

1. FIRE INSURANCE — RENEWAL BY BINDING SLIP — UNACCEPTED OFFER OF REDUCED INSURANCE — RECOVERY FOR LOSS. If, on the expiration of the term of a fire insurance policy, the insured receives a renewal in the shape of a binding slip, and soon thereafter the company makes a communication to the insured which is not effectual as a cancellation, but is, in effect, a mere proposition for reduced insurance, to which the insured does not respond, and the binding slip remains in force up to the occurrence of a fire, the insured may then maintain an action on the contract of insurance under the binding slip, in the absence of any waiver thereof on his part, or election to rely upon the unaccepted offer of reduced insurance; and such waiver or election is not imported by the mere fact that, in his notice of loss, tender of premium and proofs of loss, and in bringing his action, the insured limited his demand to the sum proposed as reduced insurance.

2. RIGHTS FIXED AT TIME OF FIRE — WAIVER. In an action to recover for a loss under a contract of fire insurance, the rights of the insured are to be determined as of the date of the fire, in the absence of a subsequent waiver; and, to establish such a waiver, a preponderance of evidence is requisite.

*Van Tassel* y. *Greenwich Ins. Co.,* 83 Hun, 612, reversed.

(Argued October 30, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered December 18, 1894, upon an order which affirmed a judgment in favor of defendant entered upon a decision of the court dismissing the complaint at close of plaintiff's case on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

The binding slip mentioned in the opinion was as follows, Beecher & Benedict being the plaintiff's brokers and William Adams the representative of the defendant company :

"BEECHER & BENEDICT.

"NEW YORK, .............. 189 .

"Insure E. M. Van Tassel.

"$10,000 for 12 months @

" On
" Building N. E. corner 13th Ave. & W. 11th Street, N. Y.
City.
" In Store
" Binding this 1 day of January, at noon.
" (This memo. to be void on delivery of the policy at the
office of Beecher & Benedict.)

| Company. | Amount. | Accepted. |
| --- | --- | --- |
| Greenwich. Renewal. 559298.  Not in force. | 10,000 | |

" WM. ADAMS."

*George Richards* for appellant.  The binding slip of January 1, 1891, amounted to a valid contract of insurance precisely the same as though the policy of insurance itself had been issued in the usual standard form.  (*Van Tassel* v. *G. Ins. Co.*, 72 Hun, 141; *Lipman* v. *N. F. Ins. Co.*, 121 N. Y. 454; *Karelsen* v. *S. F. O. of L.*, 122 N. Y. 545; *Thompson* v. *Adams*, L. R. [23 Q. B. Div.] 361.)  Defendant's letter of January seventh was not effectual to cancel the binder or contract of January first.  (*Van Tassel* v. *G. Ins. Co.*, 72 Hun, 141; *Goit* v. *N. P. Ins. Co.*, 25 Barb. 189; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *C. P. I. Co.* v. *Æ. Ins. Co.*, 127 N. Y. 608.)  The plaintiff has done nothing to waive its rights under the subsisting contract of January 1, 1891. (*H. Ins. Co.* v. *Adler*, 71 Ala. 516; *H. C. & C. Co.* v. *P. Ins. Co.*, 41 Mo. App. 530; *Hartley* v. *James*, 50 N. Y. 38; *M. L. Ins. Co.* v. *Smith*, 44 Ohio St. 156; *Train* v. *H. P. Ins. Co.*, 62 N. Y. 598.)  The elements necessary to a waiver or an estoppel are lacking in this case.  (*Earl of Darnley* v. *L. C. & D. Co.*, L. R. [2 H. of L. Cas.] 43; *Hoxey* v. *H. Ins. Co.*, 32 Conn. 21; *Dietel* v. *A. Ins. Co.*, 58 Penn. St. 444; *Finderson* v. *M. F. Ins. Co.*, 57 Vt. 520; *Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560; *Devens* v. *M. & T. Ins. Co.*, 83 N. Y. 173; *Ronald* v. *M. R. F. L. Assn.*, 132 N. Y. 384.)

*Henry Galbraith Ward* for respondent. The binder dated January 1, 1891, is not the contract sued upon in this action. (*Volkening* v. *De Graaf*, 81 N. Y. 268.) The notice dated January 7, 1891, to Beecher & Benedict, canceled the risk for $10,000. (*Karelsen* v. *S. F. O. of L.*, 122 N. Y. 548.) The notice dated January 7, 1891, to Beecher & Benedict, did not *per se* operate to continue the policy of $10,000 for a smaller amount, viz., $5,000. (*Baptist Ch.* v. *B. F. Ins. Co.*, 28 N. Y. 153; *De Grove* v. *M. Ins. Co.*, 61 N. Y. 594.) The notice of January 7, 1891, so far as it related to new insurance, amounted to a new proposition, not binding, unless accepted by the insured. (*White* v. *Corlies*, 46 N. Y. 467; *Mayer* v. *McCreery*, 119 N. Y. 434.) The acceptance of a proposition must be made within a reasonable time; and an acceptance of an offer to insure premises after the same have been destroyed by fire is not an acceptance within a reasonable time. (*C. & G. E. R. Co.* v. *Dane*, 43 N. Y. 240.)

BARTLETT, J. This is an action to recover $5,000 on a contract of fire insurance covering the premises of plaintiff in the city of New York. The case has been twice tried; at the first trial a verdict was directed in favor of the plaintiff; the General Term reversed the judgment (72 Hun, 141), and on the second trial the complaint was dismissed at the close of plaintiff's case; the General Term sustained this ruling.

The defendant insured the premises in question for $10,000 January 1st, 1889, for a year; this policy was duly renewed until January 1st, 1891, and at the latter date the plaintiff received a further renewal for another year in the form of a binding slip. On the 7th of January, 1891, a week after this renewal took effect, defendant addressed a letter to plaintiff's brokers as follows, viz.: "Your application for renewal of insurance for E. M. Van Tassel at N. E. cor. 13th ave. and West 11th street is declined for $10,000; would renew for $5,000 if wanted. You will, therefore, consider that the risk is not held binding by this company for more than $5,000."

No reply was made to this communication, and the premises were destroyed by fire six days later on the night of January 13th, 1891.

On the first appeal to the General Term it was held that the policy was renewed by the binding slip ; that the letter quoted was not effectual as a cancellation, but was a mere proposition for a reduction ; that had the plaintiff stood on the original contract he could have recovered $10,000 ; that the plaintiff elected to consider the original policy at an end, and that the letter did not create a new insurance, as its terms had not been accepted (72 Hun, 141).

Under this decision the judge presiding at the second trial dismissed the complaint.

We agree with the learned General Term and approve its reasoning, to the effect that the letter quoted was not effectual as a cancellation, but was a mere proposition for reduced insurance.

We are unable, however, to concur in the view that the plaintiff elected to terminate the insurance under the binding slip.

As the case now stands it is only necessary to determine whether the plaintiff did elect to consider the insurance under the binding slip at an end, and thus deprive himself of any claim upon defendant, as it is not urged on his behalf that he had accepted the offer of reduced insurance. It may be regarded as a self-evident proposition that the plaintiff's rights are to be determined as of the date of the fire, in the absence of subsequent waiver ; he was either insured at that time or he was not.

If the policy was renewed by the binding slip, and defendant's letter of January 7th, 1891, was not a cancellation, and the plaintiff did not respond to the offer for reduction of insurance, then it follows that the binding slip was in full force and effect at the time of the fire.

It is quite unnatural that the plaintiff after the fire should have in any way waived his rights as against the defendant, and it ought not to be so held, except on a preponderance of evidence.

The General Term decided that the intention to treat the binding slip as of no effect was manifested by four distinct acts of plaintiff, all occurring after the fire, viz.: (1) By claiming that the defendant was liable for $5,000 when he gave notice of the loss; (2) by tendering the premium on an insurance for $5,000; (3) by filing proofs of losss for $5,000; (4) by bringing this action for the recovery of $5,000.

In the notice of loss and in the letter tendering the premium the plaintiff made explicit reference to the binding slip through his brokers, as the contract upon which he relied.

It is also claimed by plaintiff that the proofs of loss read in evidence referred to the binding slip as in force, although they are not printed in full in the record.

Enough appears to show that the plaintiff at the time of the fire, and shortly thereafter, proceeded upon the theory that he was insured under the binding slip, and no act of his prior to the fire is relied upon to prove that he elected to terminate that insurance.

The fact that plaintiff, in his notice of loss, tender of premium, filing proofs and bringing this action, limited himself to $5,000, cannot be properly construed as a waiver of the insurance under the binding slip, or an effort to hold the defendant under its unaccepted offer of reduced insurance made in its letter of January 7th, 1891.

The defendant is not prejudiced if plaintiff sees fit to sue it for one-half of the amount justly due under its binding slip, which was in full force and effect at the time this action was begun; nor can it be successfully urged that there was a fatal variance between the complaint and the proofs, as we are of opinion that the action is based upon the binding slip, and limiting the demand for judgment to $5,000 is not material.

It must be admitted that this case presents a novel situation that is not fully explained by the evidence.

The counsel for defendant insists that this action was obviously brought upon the theory that its offer to carry $5,000 on the risk had been accepted, thus assuming a new contract of insurance.

The plaintiff's counsel argues that the former attorney for plaintiff, during all the steps leading up to the trial of this action in which he limited the demand to $5,000, acted upon an erroneous assumption that the defendant, under its letter of January 7th, 1891, had a legal right, under the terms of the policy, to compel a cancellation of its contract in part without the assent of plaintiff, but that, nevertheless, the complaint was based upon the binding slip.

It comes to this, in the opinion of the learned General Term, that the mere fact of plaintiff limiting his claim to $5,000 in the various steps taken by him in this matter since the fire, leads to the conclusion that he thereby elected to abandon the existing insurance under the binding slip and sue upon an offer for reduced insurance made to him by defendant, which he had never accepted and on which he could not possibly recover.

We are of opinion that no such result followed. the limitation of the claim to $5,000, and that the complaint of the plaintiff was improperly dismissed.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur, except VANN, J., not voting.

Judgment and order reversed.