(66 App. Div. 531.)

UNDERWOOD et al. v. GREENWICH INS. CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

INSURANCE—BINDER SLIP—CUSTOM—QUESTION FOR JURY.

Where, in an action on a binder slip, proof is presented to show a custom with reference to the termination of risks under such binders, which was that, on notifying the broker that the risk was declined, all insurance thereunder was terminated, and that a notice similar to the one given had been in use for a long time, the question whether the binder was a temporary arrangement, and was so understood by the parties, is for the jury.

Appeal from trial term, New York county.

Action by William J. Underwood and another, as executors of Emory M. Van Tassell, deceased, against the Greenwich Insurance Company. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed.

The action was brought to recover a sum of money under an alleged contract of insurance. The following is a copy of the contract sued upon:

Beecher & Benedict.

New York, ——, 189–.

Insure E. M. Van Tassell,
  $10,000 for 12 months, at
  On building N. E. corner 13th avenue & West 11th street, New York City.
  In store.
  Binding this 1 day of Jany. at noon.
  (This memo. to be void on delivery of the policy at the office of Beecher & Benedict.)

| Company. | Amount. | Accepted. |
|---|---|---|
| Greenwich. | $10,000. | A. |

Renewal.
559298 not in force.                                      Wm. Adams.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry G. Ward, for appellant.
George Richards, for respondents.

McLAUGHLIN, J. This action has been tried five times. On the first trial a verdict was directed for the plaintiff for the amount claimed, which on appeal was reversed, and a new trial ordered. 72 Hun, 141, 25 N. Y. Supp. 301. On the second trial the complaint was dismissed, and the judgment thereafter entered was affirmed. 83 Hun, 612, 31 N. Y. Supp. 1134. But on appeal to the court of appeals it was reversed. 151 N. Y. 130, 45 N. E. 365. On the third trial a verdict was directed for the plaintiff, and the judgment thereafter entered was affirmed (28 App. Div. 163, 51 N. Y. Supp. 69), which on appeal to the court of appeals was also reversed (161 N. Y. 413, 55 N. E. 936). On the fourth trial one question was submitted to the jury, and, that having been found in favor of the plaintiff, a verdict was directed for him, and this judgment was reversed. 54 App. Div. 386, 66 N. Y. Supp. 651. On the fifth trial a verdict was directed for the plaintiff, and from the judgment thereafter entered the present appeal is taken.

The facts involved in the subject-matter of this litigation, as well as the law applicable thereto, and the construction to be given to the contract, have been so fully stated in the several opinions heretofore delivered, that it is unnecessary to do more on this appeal than indicate the error made by the learned trial justice in directing a verdict. On the last appeal to this court (54 App. Div. 386, 66 N. Y. Supp. 651), following the decision, as understood by us, of the court of appeals, reported in 161 N. Y. 413, 55 N. E. 936, we held that proof was admissible showing custom and usage as to the temporary or permanent character of the contract, and the method of terminating liability under it, and on the production of such proof a question of fact was, or would have been, presented for the determination of the jury. On the trial which resulted in the judgment from which the present appeal is taken, proof of this character was presented, and the learned trial court therefore erred in not submitting such questions to the jury. The record shows that one of the defendant's witnesses, Mr. Stone, testified that at the time the binder was given he was secretary of the defendant, and that there was then a custom or usage well known between brokers and insurance companies with reference to the termination of risks under binders similar to the one upon which the plaintiff predicated his right to recover, which was that, on notifying the broker the risk was declined, all insurance thereunder was terminated, and that a notice similar to the one given—that is, the letter of January 7, 1891 (defendant's Exhibit H)—was at that time, and for a long time previous had been, one in common use for the purpose of terminating liability under such contracts. The defendant requested to go to the jury upon these questions, but the request was denied, and an exception duly taken. Under our former ruling, the question should have been submitted to the jury to determine whether the binder was a temporary arrangement, and also the risk, and was so understood by both of the parties to the contract.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.