The construction of a deed must be confined to its language, but the surrounding circumstances may be considered.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 239; Dec. Dig. § 100.*]

2. DEEDS (§ 132*)—CONSTRUCTION—NATURE OF ESTATE—VESTED REMAINDER.

By the habendum clause in a deed E. was to have the premises for life, and, if by any means the estate should come to an end in his lifetime, remainder to N. for the residue of E.'s life, remainder, after the death of E., to E. and his heirs. On the day the deed was executed E. conveyed the premises to the grantor, and the latter reconveyed as above, reciting a nominal consideration. *Held*, that the deed not only conveyed a life estate to E., but a remainder vesting in him on its delivery pursuant to Real Property Law (Laws 1896, p. 593, c. 547) § 209.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 368; Dec. Dig. § 132.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

115 N.Y.S.—47

3. DEEDS (§ 132*)—CONSTRUCTION—NATURE OF ESTATE—EXPECTANT ESTATE—
"REMAINDER."
His interest, other than the life estate, was an estate in expectancy,
a future estate termed a "remainder," which could be created and trans-
ferred by that name, and as such was descendible, devisable, and alien-
able, the same as an estate in possession, as expressly provided by Real
Property Law (Laws 1896, pp. 564, 567) §§ 26–28, 49.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 368; Dec. Dig.
§ 132.*

For other definitions, see Words and Phrases, vol. 7, pp. 6070–6072;
vol. 8, p. 7784.]

Appeal from Special Term, Kings County.

Action by Mary Elizabeth Ray against Helena E. Grube, impleaded
with Mathilde Jaeger and others. From an interlocutory judgment
sustaining a demurrer to the amended complaint, plaintiff appeals. Af-
firmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and
MILLER, JJ.

Theodore L. Frothingham, for appellant.
John E. Bullwinkel, for respondent.

JENKS, J. This appeal arises upon the successful demurrer of the
infant defendant, H. Grube, that the complaint does not state facts suf-
ficient to constitute a cause of action. The plaintiff sues to have her-
self and certain defendants adjudged heirs at law of Emery, deceased,
and therefore to have partition of certain realty. The sole question is
as to the estate of the said Emery perforce of a conveyance. The com-
plaint shows that on July 28, 1897, an indenture was made between
Herman Price and his wife, seised in fee simple of the premises, as
parties of the first part, and said Emery, as party of the second part,
and Naylor, party of the third part, that witnessed that the parties of
the first part, in consideration of the sum of $2, lawful money of the
United States, paid by the party of the second part, did grant and re-
lease unto the said party of the second part certain realty, including the
premises in question—

"together with the appurtenances and all the estate and rights of the par-
ties of the first part in and to said premises, to have and to hold the above-
granted premises unto the said party of the second part for his life, and, if
by any means the estate should come to an end in the lifetime of the said
party of the second part, remainder to the said party of the third part for the
residue of the life of the said party of the second part, remainder after the
death of the said party of the second part to the said party of the second part,
and his heirs, subject, however, to all mortgages which are now liens upon
said premises, which mortgages, with the interest due and to grow due there-
on, the said party of the second part hereby assumes and agrees to pay."

The said Price, a party of the first part, covenanted with the party
of the second part that he was seised of the premises in fee simple, with
good right to convey, that the party of the second part should quietly
enjoy the premises, that they were free from incumbrance, that the par-
ties of the first part would execute and procure any further assurance
of the title to said premises, and that Price would forever warrant the
title of said premises. The indenture was duly recorded, and the said

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party of the second part, Emery, entered into possession of the premises thereunder. On or about August 24, 1900, the said Emery, as party of the first part, executed and delivered to M. Grube and H. Grube, her daughter, a deed which purported to convey to said M. Grube, as party of the second part, and said H. Grube, as party of the third part, the whole of the premises. On July 22, 1901, said Emery died leaving a will, which was admitted to probate, whereby he gave, devised, and bequeathed to said M. Grube the said premises.

The contention of the plaintiff necessarily is that the said Emery took but a life estate. The substitution,of names for description makes the peculiarity of the habendum more distinct: To have and to hold the above-granted premises to Emery for his life, and, if by any means the estate should come to an end in the lifetime of Emery, remainder to Naylor for the residue of the life of Emery, remainder after the death of Emery to Emery and his heirs. In the construction of the conveyance we are confined to the language thereof; but we can consider the surrounding circumstances, that we may "stand in the very light, as near as possible, which the parties stood in." Mott v. Richtmyer, 57 N. Y. 49. It appears in this conveyance that Emery conveyed these premises to Price on July 28, 1897, the very day that Price made this indenture with Emery and Naylor, which was in consideration of $2 paid by Emery.

We have, then, the situation of one who owns premises in fee conveying them to a grantee, who instantly reconveys them. Presumably the scheme of reconveyance did not contemplate that it but undo what was done. But we have no other light, so the reasons for the terms of conveyance are in the domain of speculation. If the conveyance had been to Emery and his heirs, Emery would have had a fee simple; if to Emery for life, and remainder to his heirs, Emery would have had a life estate only, and his heirs have taken as purchasers. Reeves on Real Property, p. 759. But the peculiarity of the terms of conveyance is that the grant is to Emery for life and (omitting the provision for Naylor, which is not up in this case) at the termination of that estate remainder to Emery and his heirs; that is, at the termination of a life estate, measured by Emery's life, the remainder is to Emery and his heirs. Washburn on Real Property (5th Ed.) vol. 2, p. 633, writes:

"A remainder may nevertheless be good, though limited upon an event that destroys the particular estate which supports it, provided it takes place by a union of the particular estate with the remainder, so as to merge the one in the other, though this cannot occur where the remainder is limited to a stranger, a person other than the tenant of the particular estate."

The grantors conveyed a life estate and a remainder. The interest, other than the life estate, was an estate in expectancy; for it was a future estate, termed a "remainder," which could be created and transferred by that name, and as an expectant estate it was descendible, devisable, and alienable in the same manner as an estate in possession. Sections 26, 27, 28, 49, Real Property Law (Laws 1896, pp. 564, 567, c. 547). See, too, Moore v. Littel, 41 N. Y. 66; Hume v. Fleet, 23 App. Div. 185, 48 N. Y. Supp. 889; Matter of Pell, 171 N. Y. 54, 63

N. E. 789, 57 L. R. A. 540, 89 Am. St. .Rep. 791; Baltes v. Union Trust Co., 180 N. Y. 187, 72 N. E. 1005.

The rule is stated by Professor Reeves in his work, supra, at page 581 (a):

"Remainders Indefeasibly Vested.—An illustration of this class or form is an estate to A. for life, remainder to B., a living, known person, and his heirs, forever. Nothing in its nature or limitation is to divest it. B. may grant it away before A.'s death; and if, while A. is still living, B. die, he may will it away or let it descend to his heirs. At A.'s death, it is certain to become an estate vested in possession for B., or his heirs, devisees, or assignees."

The only variation of this rule in this case is that the estate for life is in A., remainder to A. and his heirs. But the remainder is none the less vested in A. as a living person, and it is but accident in this case that the same person is made (primarily, at least) life tenant for his life and remainderman, as in the Baltes Case, supra, it was an accident that the same person was the beneficiary of the trust and remainderman. This grant took effect so as to vest the estate or interest intended to be conveyed at the delivery thereof. Section 209, Real Property Law (Laws 1896, p. 593, c. 547). Emery was seised of the remainder upon the delivery of the grant, "his estate commencing in presenti, though to be occupied and enjoyed in futuro. The particular estate, during life, and the remainder, are but one and the same estate, in the law, the whole of which passed at once on the death of the testator, and the remainderman was seised of his remainder, at the same time the particular tenant was possessed of her estate. The possession of the particular tenant is the possession of the remainderman, so as to enable him to dispose of his estate by deed or will." Wimple v. Fonda, 2 Johns. 288; Lawrence v. Bayard, 7 Paige, 70. See, too, Vanderheyden v. Crandall, 2 Denio, at page 23. Theobald on Wills, p. 78, says:

"A contingent interest in real or personal estate vesting in a person after his death is transmissible and devisable"—citing authorities.

In one of the cases cited to sustain this rule (Ingilby v. Amcotts, 21 Beavan, 585), Sir John Romilly, M. R., said:

"This rule of descent is not confined to contingent interests, for vested interests in remainder and reversion are exactly in the same situation, and yet no one ever supposed that a person who became entitled, by descent, to a vested interest in remainder, or to a reversion expectant upon the decease of a tenant for life, was totally unable to dispose of such interest, either by deed or by will, or, in other words, was unable to grant or devise it."

See, too, Parkin v. Cresswell, 24 L. R. Ch. Div. 102.

I think that the interlocutory judgment should be affirmed, with costs. All concur.