ANNA GERTRUDE OLIVER, Appellant, Respondent, *v.* KATHERINE M. WELLS, Individually and as Executrix, etc., of DAVID A. WELLS, Deceased, and Others, Respondents, Appellants, Impleaded with ELSINA M. WELLS, Respondent, and Another, Defendant.*

Third Department, May 14, 1930.

* Affg. 134 Misc. 893.

*Wesley H. Maider*, for the plaintiff.

*F. Law Comstock*, for the defendants James Oliver, 2d, and others.

*Alfred D. Dennison*, for the defendants Gertrude S. Ackerknecht and others.

*J. Keck [Henry S. Manley* of counsel], for the defendant Katherine M. Wells.

*Fred. Linus Carroll*, for the defendant John E. Wells.

*John M. Carroll*, for the respondent Elsina M. Wells.

HILL, J.   David A. Wells, the testator, is survived by his widow, but no direct descendants.   This action is brought by his sister for the construction of the will which, after a specific legacy of $100,000 to the widow and bequests of family pictures and effects to the sister, bequeaths the remainder in trust.   The income is to ·be paid to the widow during her life, and after her death the income of $10,000 is to be paid to a cemetery association and one-fifteenth of the income from the remainder to be paid to each of the following: John E. Wells, a nephew of decedent; Gertrude S. Ackerknecht and Mary Ackerknecht, niece and grandniece, respectively, of the

widow, and twelve-fifteenths to Gertrude K. Ackerknecht, a grand-niece of the widow. The will provides that upon the death of any of the last four beneficiaries " the income from the share or interest of said beneficiary to be paid to the surviving beneficiaries afore-mentioned, and upon the death of the last surviving beneficiary, the principal shall become a part of my residuary estate and be dis-tributed as provided in the residuary clause of this my last will and testament." This attempted disposition is illegal, as the absolute ownership of personal property and the power of alienation of real estate is suspended during the continuance of five lives in being at the death of the testator. (Pers. Prop. Law, § 11; Real Prop. Law, § 42.)

The entire provision should not be rejected if, after separating the valid parts from the invalid, the dominant purpose of the testator will be effectuated. (*Matter of Silsby*, 229 N. Y. 396; *Matter of Hitchcock*, 222 id. 57, 73; *Carrier* v. *Carrier*, 226 id. 114.) To justify a severance and elimination of the illegal provisions, the dominant purpose must still remain and be found in the will, for the function of the court is to construe and not to construct. (*Matter of Silsby, supra*, p. 402.) It is our duty, if reasonably possible, so to construe the language as to effectuate testator's dominant intention. (*Matter of Gallien*, 247 N. Y. 195.) It clearly appears that the primary desire of testator was that the entire income from this trust should be paid to his widow during her life, and then that the payment should be made to the cemetery. If it was the domi-nant desire and purpose that after the widow's death one trust should be created for the joint benefit of the four beneficiaries for life, with the right of survivorship to the income until the death of the last survivor, and that none of the corpus should pass to the remain-derman until the last of the four life beneficiaries had died, then the provisions which are operative after the widow's death, except the cemetery trust, are void. If, however, we can say from the language that the dominant purpose was the creation of four trusts for the benefit of four beneficiaries, with the right of survivorship of secondary importance, the trust is valid as to its dominant purpose. With the cross remainder or right of survivorship as to income eliminated, the absolute ownership of no part of the estate is suspended beyond two lives. The testator intended that after the death of his wife the estate should be divided. His will says: " The remainder of my said estate to be divided into fifteen equal parts." He devises " the income thereof," one-fifteenth to each of three beneficiaries, and twelve-fifteenths to the fourth. While he directed the division of the estate, he devised a fractional part

of the whole income, but the keeping of the four trusts in one fund for the purpose of investment does not make one trust. (*Matter of Colegrove*, 221 N. Y. 455; *Leach* v. *Godwin*, 198 id. 35.)

Cross remainders and a right of survivorship similar to that here sought to be created have been held to be subordinate in importance to a bequest of income during the life of the individual beneficiaries (*Matter of Horner*, 237 N. Y. 489) and that to cut off the provision as to cross remainders is not " a radical operation " which " will take the life out of " the entire provision. (*Matter of Trevor*, 239 N. Y. 6.) The attempt to create a survivorship " will not be allowed to invalidate the primary dispositions of the will, but will be cut off in the case of a trust which is not an entirety." (*Matter of Colegrove*, 221 N. Y. 455, 459.)

The plaintiff and the defendant John E. Wells each own as tenants in common a portion of the homestead in which testator lived and died. Wells held 350 shares of railroad stock under an agreement with his mother that the income should be used for the maintenance of this homestead. By the terms of her will the plaintiff and defendant Wells became the owners of a portion of the stock or the proceeds of the sale upon the death of testator. The devise to John E. Wells of the income from one-fifteenth of the estate remaining after the widow dies and after the cemetery trust is deducted, is subject to the following condition: " Providing that he and my sister consent and agree to the use and occupancy of the real estate and the payment of the income of the Chicago & Northwestern Railway stock to my wife." A condition in a will is not void unless its performance is impossible or against public morals. (*Cooper* v. *Remsen*, 5 Johns. Ch. 459; *Wright* v. *Mayer*, 47 App. Div. 604; *Matter of Haight*, 51 id. 310; *Hogan* v. *Curtin*, 88 N. Y. 162.) This legacy is in effect an offer by the testator to sell the future enjoyment of a part of his estate to the legatee. The purchase price is to be paid to the widow, and consists of the use of real and personal property belonging to the legatee, and the use of real and personal property which belongs to another, which the legatee must acquire if he complies with the condition and offer. The fact that this offer to barter and exchange is contained in the will and is in the form of a legacy does not change the usual rules which govern offers to contract. The power to create a contract by acceptance of an offer terminates, if no time is specified, at the end of a reasonable time. What is a reasonable time is a question of fact, dependent on the nature of the contract. (*Chicago & Great Eastern Railway Co.* v. *Dane*, 43 N. Y. 240; American Law Institute's Restatement of the Law of Contracts, § 40.) The trial court has determined that sixty days after the entry of judgment following the decision of this

matter by the court to which the final appeal is taken, is a reasonable time in which to accept or reject the offer. We approve of this determination.

It must be determined whether, as the several life estates terminate, the remainders pass by intestate succession or under the 8th clause of the will, which provides:

" *Eighth.* I hereby give, devise and bequeath all the rest and residue of my estate to my sister Anna Gertrude Oliver, and to her heirs forever, upon condition, however, that she and said John E. Wells consent to the use of the income of the Chicago & Northwestern Railway stock and the use of the real estate to my wife as hereinbefore provided; and in the event my said sister and nephew do not so consent, then I give and bequeath the same to my said wife, the same to be hers and her heirs forever, this clause to be construed and considered as the residuary clause of this my last will and testament."

The remainders devised thereunder are vested, and while the elimination of the illegal trust provisions accelerates their possession and enjoyment, it does not invalidate the residuary disposition. (*Matter of Hitchcock,* 222 N. Y. 57; *Matter of Silsby,* 229 id. 396; *Benedict* v. *Salmon,* 177 App. Div. 385; affd., 223 N. Y. 707.) The condition attached to this legacy to the plaintiff is identical with that attached to the legacy of the defendant John E. Wells, and is valid. The widow will become the residuary legatee if the plaintiff should refuse to accept the legacy. The fact that under certain conditions she may become both beneficiary and remainderman as to a portion or all of the estate does not make the devise illegal. (*Baltes* v. *Union Trust Co.,* 180 N. Y. 183; *Ray* v. *Jaeger,* 131 App. Div. 294.)

The judgment should be affirmed, with costs payable out of the estate to all parties who have filed briefs.

HINMAN, Acting P. J., DAVIS and WHITMYER, JJ., concur; HASBROUCK, J., dissents on the ground that paragraphs 7 and 8 of the will are both involved, and paragraph 7 suspends the power of alienation for more than two lives in being.

Judgment affirmed, with costs to all parties filing briefs payable out of the estate.