FRED M. MOREY et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 29959.)

Third Department, March 24, 1954.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Richard H. Shepp* of counsel), for appellant.

*Norman J. Martin* and *David G. Fellows* for respondents.

BERGAN, J.   Claimants are owners of land appropriated by the State for Thruway purposes.  On November 25, 1949, an agent of the State and the claimants reached an agreement to settle the amount to be paid for the appropriation in the sum of $500 and the claimants signed in the State agent's presence a document entitled " Agreement of Adjustment ".

This instrument recited that the claimants had " agreed to accept the amount of compensation hereinafter mentioned in full adjustment " of their claim for the value of the property appropriated.  It also recited expressly that the compensation was to be paid " only upon such approval by the comptroller of the State of New York as is or may be required by law " and further that it was to be paid only on a certificate by the Attorney-General that claimants were legally entitled to the amount agreed upon.  Claimants further agreed to execute all formal papers which the Attorney-General " deems necessary " to authorize payment.

At the time claimants executed the agreement it had not been executed on behalf of the State; but forty days later, on January 4, 1950, the instrument of settlement was signed for the State in this form: " Superintendent of Public Works for the People of the State of New York by E. B. Hughes (Director. Bureau of Rights of Way and Claims) ".

Claimants were not immediately advised of this formal execution by the State, but on January 12th, eight days after the agreement had been thus executed by him, Mr. Hughes sent a letter to the attorney for the claimants in response to his inquiry which stated that the agreement had been " transmitted to the Attorney General's office under date of January 4, 1950 for the preparation of closing papers ".

The letter further advised claimants' attorney that the Attorney-General's office was being requested to " prepare these papers at the earliest possible date "; that when ready they would be sent to the district engineer's office for the purpose of execution (by claimants) and that when the executed papers were received " the Attorney General will certify the claim for

payment and the papers will be transmitted to the Comptroller for the issuance of a check."

On the same day as this letter (January 12th) the Attorney-General's office sent to the Department of Public Works the formal papers for execution by claimants, and also on the same day these were forwarded to the district engineer to " call upon the claimant and procure the execution of the closing papers ". The next day these were transmitted to the attorney for claimants.

Instead of executing the papers called for by the instrument they had signed, claimants filed a claim in the Court of Claims which has allowed them judgment in the sum of $1,300 as damages for the taking, upon the legal theory that since the instrument signed by the claimants on November 25, 1949, was not accepted within a reasonable time by the State, it is no longer binding on the claimants.

The court also found, alternatively, that the State did not within a reasonable time " put in a proper way to be communicated to claimants   *   *   *   some manifestation   *   *   * of the fact that said ' Agreement of Adjustment ' had been executed on its behalf ".

It is clear from the letter to the claimants' attorney on January 12th, when it is read in connection with the text of the agreement itself, that claimants were advised that the State had accepted the offer and that payment would be made in due course when the papers were prepared and executed.  The text of the agreement itself, as it has been noted, provided that payment would be made only on certification of the Attorney-General that claimants were legally entitled to compensation and provided that the necessary papers " which the attorney general deems necessary " would be executed.

The letter of January 12th advised that this formality on behalf of the State was in process of being carried out by transmission of documents to the Attorney-General, and that when the formalities were completed the Attorney-General " will certify the claim for payment " and the papers will be transmitted to the Comptroller " for the issuance of a check ".

All this, we think, could only mean to a reasonable mind that the State had accepted the agreement and was acting on it consistently with its terms.

There is no effective difference, therefore, between the date of actual execution of the instrument by the State (January 4th) and the date when claimants were thus clearly advised of

its acceptance (January 12th); and there is no sound basis for the finding in the Court of Claims that there was no communication of acceptance within a reasonable time after execution of the acceptance by the State.

In their argument on communication of acceptance, claimants rely on *White* v. *Corlies* (46 N. Y. 467) and some other cases which follow it. In the *Corlies* case an offer was made by defendant to plaintiff to furnish building material, but plaintiff gave no indication of acceptance until the offer was countermanded, although he had started the preparation of material for the work. The court thought the building material could be as well used elsewhere.

In the case now here there was clear communication of acceptance before any disavowal by claimants of the contract they had signed. The letter of inquiry from their attorney to the State was certainly not a disavowal of the agreement but an inquiry concerning " the status of this claim ", which is something quite different.

The issue, therefore, turns not on the delay in communication of the acceptance, but on the delay in acceptance itself; and whether that is a sufficient delay to avoid the offer which claimants made when they executed the instrument forty days before. We think in an offer of this kind for a settlement arising from the appropriation of land for governmental purpose, the delay is not unreasonable and claimants' argument that they may treat it as withdrawn is not well founded.

What is a reasonable time for the acceptance of an offer to make a contract depends on highly variable circumstances. An offer to buy perishable merchandise in a fluid market would be one thing; an offer to accept payment on land to be taken by a government engaged in a large public project and involving many detailed land transactions would be quite another thing.

It is our judgment that the delay in time of acceptance is not unreasonable in this case. The main authorities on which claimants rely to sustain their position give them little support. In *Chicago & Great Eastern Ry. Co.* v. *Dane* (43 N. Y. 240) an offer had been made to " receive " iron in not greater than a stated quantity in terms and price to be agreed on. The mere acceptance of this, the court held, did not constitute a binding contract; was not mutual in obligation and constituted merely the acceptance of an option. The court also discussed the need for acceptance of an offer within a reasonable time; but the four months involved there is certainly no rigid rule to be **followed in all cases.**

In *Van Tassel* v. *Greenwich Ins. Co.* (72 Hun 141) a good illustration exists for the need of acceptance within a period before an event greatly to the disadvantage of the other party occurs. There an offer was made by a fire insurance company to insure; but while the offer was outstanding and unaccepted a fire occurred. The court held, as surely it was required in good sense to do, that it was too late to accept an offer to insure after a fire.

The judgment should be modified by reducing the award to the claimants to $500 and as thus modified affirmed, without costs.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Judgment modified by reducing the award to the claimants to $500 and as thus modified, is affirmed, without costs.

The facts as otherwise found by the Court of Claims are affirmed.