AMITY OPERATING Co., INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31389.)

Court of Claims, May 12, 1955.

*Harold R. Zeamans* and *Emanuel Greenberg* for claimant.

*Jacob K. Javits, Attorney-General* (*David Marcus* of counsel), for defendant.

SYLVESTER, J. On August 24, 1951, the State appropriated claimant's property located in Amityville, Long Island, for which damages are sought in this action. The portion taken was the sidewalk in front of the premises, approximately twenty feet in width, which embraces the front cellar exits of the respective store tenants. Claimant has adduced proof of its damage upon various theories of recovery; and the customary appraisals, pro and con, with their concomitant gross disparities, are variously vouched for in the record. In this case, however, a so-called " Agreement of Adjustment " was executed by the parties, whereunder claimant agreed to accept the sum of $6,430 in satisfaction of its claim. The agreement is in all respects

found to be a valid subsisting agreement, duly executed in conformance with statutory requisites. This being so, claimant may not be indulged upon his original claim but must be relegated for his compensation to the terms of his concordance with the State. This conclusion is reached though claimant contends that the document was not validly approved by the Comptroller nor by a deputy comptroller, as, it asserts, is required by subdivision 1 of section 41 of the Executive Law, which provides: " The comptroller shall appoint four deputies. Such deputies shall receive annual salaries to be fixed by the comptroller within amounts appropriated therefor. *Each of such deputies may perform any of the powers or duties of the comptroller.*" (Emphasis added.) Specifically it is claimed that the Comptroller's employee, O'Connell, who approved the agreement for the Comptroller, was not one of the four deputies mentioned in the quoted section of the Executive Law who are authorized to " perform any of the powers or duties of the comptroller "; that, in effect, only a deputy comptroller is authorized to perform that function. However, the argument omits to consider and deal with the material portion of subdivision 2 of the same section: " The comptroller also may appoint such other officers, assistants and employees as he may deem necessary for the exercise and performance of his powers and duties and those of the department." There was testimony here by the Comptroller then in office, that he authorized O'Connell to signify his approval to the " Agreement of Adjustment ". Thus, within the plain reading of subdivision 2 of section 41 of the Executive Law, there was authority by the Comptroller to his assistant or employee, O'Connell, to exercise and perform a power or duty of the Comptroller, namely, the approval of the agreement. In these circumstances, unless there is other compelling reason which in law would justify a disregard of the agreement, claimant would be required to abide by its terms and may not maintain a recovery upon the original claim in appropriation. It is established beyond peradventure that there was no breach of the agreement by the State. It was at all times prepared to process the matter to payment upon compliance with the agreed terms which, more specifically, required the claimant to procure for delivery to the State certain executed releases from the tenants of the appropriated premises.

Though the suit is based upon the original claim of appropriation and not upon the agreement it would seem expedient to make an award in the amount stipulated by the agreement, rather than to enter a judgment of dismissal. This appears to

have been the procedure adopted in an analogous situation (see *Morey* v. *State of New York,* 283 App. Div. 562) and would, at least, obviate the further prosecution of needless litigation. Judgment is therefore directed in favor of the claimant in the sum of $6,430. Submit findings.