Harold Birns, J.
In January, 1965, Modern Pool Products, Inc., the plaintiff, located in Greenwich, Connecticut, delivered a pipe-bending machine to an Illinois factory, as recommended by defendant, Rudel Machinery Company, Inc., of New York City, for certain repairs to be undertaken by defendant. The repairs were not made. Nevertheless the machine remained at the factory for more than a year. Plaintiff now seeks damages for reduced market value of the machine resulting from an alleged breach of contract by defendant..
Plaintiff’s claim rests in large measure upon correspondence with the defendant. In this respect, there is a resemblance with those classic cases, where offer and acceptance may emerge from such writing of the parties (1 Williston, Contracts [3d ed.], § 81 and cases cited therein).
On September 16, 1964, the defendant, by letter, submitted a proposal to the plaintiff, to repair the pipe-bending machine, which was used in the construction of swimming pools. This machine had previously been inspected by a representative of the defendant, but the work to be done would be required to be performed in the Pines plant, Aurora, Illinois. The price for parts and labor necessary to restore the machine to working condition was quoted as $1,600 plus freightage.
No written response was forthcoming from plaintiff until January 14, 1965, some 4 months later, when plaintiff advised defendant that the machine would be shipped to the Illinois plant by January 20.
On February 10, 1965, defendant, by letter, acknowledged that the machine had arrived at the Illinois plant but stated that detailed examination of the interior of the machine had disclosed that more extensive repairs were required than originally contemplated. In this letter defendant approximated the cost of the repairs and labor to be $3,300 and that it would await plaintiff’s instructions whether or not to proceed with the work to be done.
Not until December, 1965, some 10 months later, did plaintiff write to the defendant, but in this letter plaintiff advised that *85 a decision would be made after the disposition of the machine during the next month. On February 8, 1966, plaintiff finally notified defendant that the machine in question had been sold and the plaintiff no longer owned it.
In this factual framework, the critical question appears to be whether the letters of September 16, 1964 and January 14, 1965 constituted a contract as maintained by plaintiff. If they did, then plaintiff is entitled to damages; if they did not, then obviously the later correspondence created no binding relationship between the parties to this suit (because plaintiff never asked defendant to go ahead with the necessary work), and thus defendant is entitled to judgment. The application of basic principles of contract law is dispositive of the issues in this case.
It is fundamental that an offer, if not accepted promptly, may be terminated by lapse of time (Restatement, Law of Contracts, § 35). Where no time is fixed in the offer within which acceptance must be made, it is a rule of law that acceptance must be made within a reasonable time (Restatement, supra, § 40, subd. [1]). What is a reasonable time may vary with the circumstances (Restatement, supra, § 40, subd. [2]; 1 Williston, Contracts, § 54) and is an issue of fact to be resolved upon trial (Oliver v. Wells, 229 App. Div. 356; Morey v. State of New York, 283 App. Div. 562).
There are instances, no doubt, where a court would be warranted in holding that the failure of an offeree to respond within a reasonable time terminated the offer as a matter of law. Such was the holding in Staples v. Pan-American Wall Paper & Paint Co. (63 F. 2d 701) where a period of 101 days intervened between the receipt of an offer and its purported acceptance.
In most cases where this problem has arisen, the question is considered to be one of fact (Oliver v. Wells, supra).
While the time to accept will last much longer than it otherwise would where an offeror reasonably leads an offeree to believe the offer is still open (1 Corbin, Contracts, § 36, citing Hammersberg v. Nelson, 224 Wise. 403), such circumstance is not present here.
In the case at bar, plaintiff failed to respond to defendant’s offer for 114 days. That such an extended period of time was not within the contemplation of the offer can be deduced from the correspondence and surrounding circumstances. For example, the price as quoted was subject to change without notice (cf. Minnesota Linseed Oil Co. v. Collier White Lead Co., 4 Dill. [C. C. A. 8th Minn.] 431; 17 Fed. Cas. 477, Case No. 9, 635), the parties involved were not separated by vast distances (cf. Mactier’s Administrators v. Frith, 6 Wend. 103 [1830]) or prevented *86 from rapid communication (cf. L. & E. Wertheimer, Inc. v. Wehle-Hartford Co., 126 Conn. 30).
In addition, the terms of the offer reflect the need for a prompt reply by plaintiff. Defendant’s offer stated that if there were an acceptance by plaintiff ‘1 it [the rebuilding of the machine] would have to be done at a time which is convenient to both you and Pines Engineering Company, Inc.”, and “They are currently very busy in their shop and would have to schedule a job like this just as though it were a new machine order. It could very well be that Pines would not want the machine to arrive for at least 6-8 weeks from now. ’ ’
Thus the current ability of the factory to handle the machine in question required a prompt reply.
Under the facts related, the delayed acceptance after a lapse of a reasonable time could have been considered a counteroffer (Restatement, supra, § 73), “ adopting by tacit reference the provisions of the offer previously made. * * * It is clear that in the absence of antecedent conduct of the original offeror leading the offeree to believe the offer is still open, an attempted acceptance after expiration of a reasonable time would be effective only as a return offer and not as an acceptance ” (1 Corbin, Contracts, supra, § 36; Restatement, supra, § 73).
Since the 4' return offer ’ ’ was never accepted, there never was any contract between the parties under any view of the correspondence between them.
In asserting the existence of a contract with defendant, plaintiff seeks to avail itself of a concession to that effect made by defendant in a motion for summary judgment antecedent to this trial. In unsuccessfully seeking summary judgrtient prior to the trial, defendant maintained any existing objection had been vitiated by an alleged novation to which plaintiff, defendant, and another corporation were parties. Such concession, apparently, was solely for the purposes of that motion and cannot be said to have a controlling effect on the issues at trial. A concession is not a stipulation. A stipulation is binding when made in open court at a trial (CPLR 2104). Judgment for defendant dismissing the complaint, together with costs.