Freedman, J.
This action was brought by the plaintiff, as the surviving partner of the firm of Tisdell & Whittlesey, upon a policy of fire insurance issued by defendant to plaintiff’s firm. The policy was in the form prescribed by the laws of the state of New York, commonly called a New York standard policy of fire insurance. At the trial the only question remaining .in dispute was whether there had been a valid cancellation of the policy before the fire. The learned judge who presided at the trial was of the opinion that the evidence had established such cancellation, and-for that reason directed a verdict for defendant. The policy contained the following clause, viz. :
*307 “This policy shall be canceled at any time at the request of the insured; or by the company, by giving five days’ notice of such cancellation. If this policy shall be canceled, as hereinbefore provided, or become, void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rates, except that, when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium.”
It was shown that on two different occasions before the fire the defendant, by its authorized agent, had served notice upon plaintiff’s firm that the company had elected to cancel the policy, and that the same had been canceled, and that the pro rata unearned premium would be placed in the hands of a certain agent of the company, to be held by him subject to the order of plaintiff’s firm. It was admitted by the plaintiff that the policy in suit had not been surrendered or tendered to the defendant by the plaintiff or his firm, and that no demand had been made by plaintiff or his firm for the return of the unearned portion of the premium. But, at the same time, it was admitted by the defendant that neither the premium nor a pro rata amount of the premium of the policy had been returned, paid, or tendered to the plaintiff, or to plaintiff’s firm, by the defendant.
There being no dispute as to the facts, the question presented by the appeal as to the sufficiency of the cancellation is one of law. Almost the identical question arising under the same provision of the New York standard policy was determined by Mr. Justice Bartlett in Nitch v. Insurance Go., and his decision has just been affirmed by the general term of the second department. The decision of that case was to the effect that, although the provision in question does not in express terms require the refunding of a ratable proportion of the premium as a condition of the cancellation of the policy by the company, the condition is to be implied, and that the actual payment or a tender of the pro rata unearned premium is essential to the cancellation of the policy by the companj',. This decision should be followed in the case at bar, and under it the defendant, in order to make its notice effectual, was bound to make at least a tender of the pro rata unearned premium. The question as to the right of the company to demand a return of the policy does not arise until at least such a tender has been made, pursuant to due notice. No payment or tender having' been made in the present case, the mere giving of the notice did not cancel the policy, and consequently it was error for the trial judge to rule that it did, and to direct a verdict for the defendant in accordance with such ruling. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.