THE ILLINOIS STATE BOARD OF HEALTH

*v.*

THE PEOPLE *ex rel.* Millard F. Bailey.

*Opinion filed October 19, 1899.*

APPEALS AND ERRORS—*appeal lies to Appellate Court if only the construction of a statute is involved.* In a case involving merely the construction of a statute, but not its validity, a writ of error to reverse the judgment of the circuit court should not be sued out in the Supreme Court if no other grounds of jurisdiction exist, but an appeal should be taken to the Appellate Court in the first instance.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

JOHN A. BARNES, (H. J. HAMLIN, of counsel,) for plaintiff in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a petition for *mandamus* brought by Millard Filmore Bailey in the circuit court of Cook county, against the State Board of Health, to compel the board to issue him a license for the practice of medicine in this State. The defendant answered the petition, and on a hearing

on the pleadings and evidence the court granted the writ. To reverse the judgment of the circuit court the State Board of Health sued out a writ of error in this court.

Under the act of June 16, 1887, (Hurd's Stat. 1897, p. 1073,) the State Board of Health adopted certain rules under which persons might be permitted to practice medicine in this State. Upon an examination of the record it will appear that the only questions presented are,— first, what construction shall be placed on the statute as to the powers of the board; and second, whether the petitioner complied with the rules of the board so as to entitle him to a license to practice medicine in this State. It is therefore plain that this court has no jurisdiction to entertain this writ of error; that the writ should have been sued out in the Appellate Court. In cases involving merely the construction of a statute,—not its validity,— and none of the other conditions existing necessary to give the right of appeal or writ of error directly from the trial court to the Supreme Court, the latter court will have no jurisdiction. The appeal in such case should in the first instance be taken to the Appellate Court. (*Gross* v. *People ex rel.* 95 Ill. 366.) Since the Appellate Court was created this court has jurisdiction in civil cases in which the validity of a statute is involved, but where the mere construction of a statute arises the case must in the first instance go to the Appellate Court. Here no question is raised as to the validity of the statute, nor is it claimed that it violates any provision of the constitution. The plaintiff in error has therefore chosen the wrong tribunal. If the State board desires to review the judgment of the circuit court the writ of error must be sued out from the Appellate Court.

The writ of error will be dismissed.

*Writ dismissed.*