JOHN ROBSON,

*v.*

EDWARD DOYLE.

*Opinion filed October 24, 1901.*

1. BILLS OF DISCOVERY—*bill in aid of suit at law need not aver that evidence is known only to defendant.* A bill which is filed purely for discovery in aid of a suit at law need only aver that the evidence will aid the complainant in his suit at law, and need not allege that the evidence is known to the defendant alone.

2. SAME—*a bill of discovery calling upon the defendant to convict himself cannot be maintained.* Qui tam actions brought under the penal statute against gambling, by an informer, who sues for treble the amount lost to the defendant by third persons, are criminal prosecutions although civil in form, and a bill of discovery in aid of such actions, calling upon the defendant to furnish the names of the losers and amounts lost, to enable the complainant to successfully prosecute his suits at law, cannot be maintained.

3. SAME—*section 137 of Criminal Code, concerning bills of discovery, construed.* Section 137 of division 1 of the Criminal Code, which provides that in actions commenced under the provisions against gambling the party shall be entitled to discovery as in other actions, and all persons shall be obliged to answer bills preferred against them for the discovery of money won by them, applies only to cases where the party seeking discovery is the original loser, and not to qui tam actions by informers to recover penalties.

*Robson* v. *Doyle*, 94 Ill. App. 281, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

HENRY S. MONROE, for appellant.

GEORGE W. PLUMMER, and WHARTON PLUMMER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Edward Doyle, filed his bill in this case in the circuit court of Cook county against the appellant, John Robson, for a discovery in aid of two suits brought

by the appellee for the use of himself and the county of Cook, against appellant, to recover penalties imposed by the statute for gambling, and other like suits which appellee intended to bring as soon as he could ascertain the facts to base them on. The discovery prayed for related to alleged gambling transactions between appellant, on the one part, and James B. Dutch, Alexander Geddes and other persons unknown to appellee, on the other part. The bill was demurred to. The demurrer being overruled, appellant elected to stand by it, and he was ordered to answer the bill and the interrogatories therein propounded to him. He prayed an appeal to the Appellate Court for the First District, where the decree was affirmed.

The allegations of the bill are, that during the last three years the defendant has been engaged in carrying on the business of gambling in puts and calls on wheat, in violation of the Criminal Code of this State; that during said period he negotiated sales of such puts and calls to one James B. Dutch and one Alexander Geddes, and a large number of other persons whose names are unknown to complainant; that on June 4, 1900, complainant, suing as well for the county of Cook as for himself, brought two suits at law in said circuit court against the defendant, to recover the statutory penalty of three times the several sums of money lost by said Dutch and Geddes and paid to the defendant; that complainant intends to commence similar actions against the defendant to recover three times the amount of money won by the sale of puts and calls on wheat by the defendant from other persons, as soon as complainant can ascertain the names of such persons and the amounts of money won; that the transactions mentioned in the declarations, and those had with other unknown persons, are largely within the exclusive knowledge of the defendant and Dutch, Geddes and other persons unknown, and that it is important to complainant to obtain a discovery thereof to enable him

to establish the causes of action in the suits commenced and to recover in other suits to be commenced when he obtains the facts. The declarations in the two suits are set out in the bill *in hæc verba.* In one it is averred that the defendant won from said Alexander Geddes $50,000 on puts and calls; that Geddes did not, within six months from the time he paid to the defendant said moneys, bring suit to recover the same, whereby, by force of the statute, an action accrued to the plaintiff to have and recover to said county of Cook and himself the sum of $150,000, being three times the amount of the several sums of money lost by said Alexander Geddes and paid to the defendant. The other declaration is of the same character, alleging losses by James B. Dutch amounting to $50,000, which he did not sue for within six months, whereby an action accrued to the plaintiff, for the use of himself and the county of Cook, for $150,000, being three times said amount. To the bill are attached one hundred and seventeen interrogatories, covering the alleged transactions with Dutch and with Geddes and with all other unknown persons to whom defendant has negotiated the sale of any puts or calls, and asking for the names of such person or persons and the amounts of money paid to defendant.

It is first contended that the bill is insufficient to call for an answer on account of a failure to set forth that the facts alleged in the declarations in the suits at law are true. The allegations of the bill are sufficient in that respect, and show the existence of the facts and that complainant expects to prove them by the defendant. But they are made and sworn to upon information and belief. The transactions were not with the complainant, and it is apparent that his information must have been derived from others. We do not think the bill subject to the objection.

It is also claimed that if complainant has other evidence besides that of defendant the bill cannot be sustained, and, therefore, it is bad for a failure to show that

the evidence rests exclusively with the defendant. The bill does not aver that the facts are known to no other person than the defendant, and in *Vennum* v. *Davis*, 35 Ill. 568, it was held that such an averment was necessary to a bill for discovery and final relief. The rule is different in a bill which is filed purely for discovery in aid of a suit at law. In such a case it is sufficient to aver that the evidence will aid the complainant in the suit at law. 6 Ency. of Pl. & Pr. 733; Story's Eq. Jur. sec. 74*a; Marsh* v. *Davison*, 9 Paige, 580.

So far as the bill is filed to obtain evidence for the purpose of commencing suits in the future and recovering penalties from the defendant it is bad beyond all question. That part of the bill not only seeks to compel the defendant to disclose a cause of action against himself for penalties for transgressing the law where the bill shows no cause of action whatever, but it is purely a fishing bill so far as it seeks such a discovery. It does not seem to be contended that the bill in that respect is authorized by any principle of the law or any statutory provision.

The suits already brought by the complainant are *qui tam* actions under the penal statute forbidding gambling on pain of forfeiting a penalty of three times the amount won, if the person who has lost the money does not sue for it within six months. One-half of the penalty is given to the county and the other half to the informer who brings the suit. The statute provides that any person who has lost, by gambling, money or other valuable thing amounting in the whole to the sum of $10, shall be at liberty to sue for and recover the same or the full value thereof, and in case he shall not, within six months, really and *bona fide*, and without covin or collusion, sue and with effect prosecute for such money or other thing, it shall be lawful for any person to sue for and recover treble the value of the money, goods, chattels and other things, with costs of suit, by special action on the case,

one-half to the use of the county and the other half to the person suing. The suits at law are not for the recovery of anything which the complainant has lost or paid, but are purely prosecutions in special actions on the case for penalties for violations of the penal code. The purpose of the discovery asked for is to enable the plaintiff to maintain the prosecution and recover the penalties. The very purpose of the discovery is to subject the defendant to the penalties prescribed by the statute and with the sole object of recovering such penalties. Now, courts of equity have always withheld their aid in actions which were penal in their nature, and would never compel a defendant to disclose facts which would expose him to criminal punishment or prosecution, or to pains, penalties, fines or forfeitures. A defendant may refuse to answer, not only as to facts directly criminating him, but as to any fact which might form a link in the chain of evidence establishing his liability to punishment, penalty or forfeiture. (1 Daniel's Ch. Pr. 561-569; 2 id. 1557; 1 Pomeroy's Eq. Jur. secs. 196, 202; 6 Ency. of Pl. & Pr. 742, 744.) This was the settled rule of the English courts of equity, and the principle was made a part of our fundamental law in the State and Federal constitutions. It makes no difference that the suits brought by complainant are civil in form. They are brought for penalties for alleged offenses against the laws of the State, and are criminal cases within the meaning of the constitutional provision. (*Boyd* v. *United States*, 116 U. S. 746.) They are criminal prosecutions, in aid of which the plaintiff, by bill for discovery, calls upon the defendant to convict himself, and the rules of equity, as well as the State and Federal constitutions, forbid such proceedings.

It is claimed, however, the bill is authorized by section 137 of the Criminal Code. (Hurd's Stat. 1899, p. 592.) That section is as follows: "In all actions or other proceedings commenced or prosecuted under the provisions of sections 126 to 135 inclusive of this division, the party

shall be entitled to discovery as in other actions, and all persons shall be obliged and compelled to answer, upon oath, such bills as shall be preferred against them for discovering the sum of money or other thing so won as aforesaid. Upon the discovery and re-payment of the money or other thing so to be discovered and re-paid, the person who shall discover and re-pay the same, as aforesaid, shall be acquitted, indemnified and discharged from any other or further punishment, forfeiture or penalty which he might have incurred, by the playing for, or wining such money, or other thing, so discovered or re-paid as aforesaid."

In *Lamson* v. *Boyden*, 160 Ill. 613, we said that said section would be an unconstitutional enactment if so construed as to compel a party to answer questions which might subject him to a criminal prosecution, but it is insisted that the validity of the statute cannot be questioned in this suit because the appeal was taken from the decree of the circuit court to the Appellate Court, which had no jurisdiction of that question. The question whether the statute has any validity or could be effective in any case was waived by the appeal to the Appellate Court. But we do not understand it to be claimed that the statute is void, but that it should not be construed to sustain this bill. It is conceded to be valid in certain classes of cases, and the Appellate Court had jurisdiction to construe the statute and decide whether it is applicable to this case. (*State Board of Health* v. *People*, 181 Ill. 512.) To hold that section 137 was designed to apply to a discovery such as is asked for in this case, would be to impute to the legislature an intention to pass a statute in violation of the plain prohibitions of the State and Federal constitutions, and we should not do so if any other reasonable construction can be adopted. If any reasonable construction can be placed upon the statute by which it will not be in conflict with the fundamental law, and therefore void, it is our duty to so

construe it. (*Town of Middleport* v. *Ætna Life Ins. Co.* 82 Ill. 562; *People* v. *Peacock*, 98 id. 172.) The presumed intention of the legislature is to obey the constitution, and if that presumed intention can be found by any reasonable construction of the statute, it will be done.

The first words of the section are broad enough to include the suits brought by complainant, since they are actions under the provisions of the sections mentioned. But the provision is that the party shall be entitled to discovery as in other actions. There is no other action in which a discovery can be compelled which would subject the defendant to a penalty or forfeiture. Courts of equity have never lent their aid to the collection of penalties or enforcement of forfeitures. If the discovery is to be such as a party is entitled to in other actions, it would not include a discovery by which the defendant is called upon to convict himself in a criminal prosecution for a penalty. The section provides that the defendant shall be compelled to answer discovering the sum of money or other thing won, and it is not contended that this provision would not be a valid one where a party sues for losses which he is entitled to recover where the offense is barred by the Statute of Limitations and the conditions are such that the constitution would not be violated by compelling the answer. If it should be construed to require the discovery called for in this case, it would not be such a discovery as is allowed in other actions, but one that has never been allowed in any other action and in direct violation of the constitution. The legislature, having provided for the discovery, attempted to provide for indemnity to the defendant against prosecution. Whether they succeeded according to their intention is not material in discovering what the intention was. The latter part of the section relates to that subject, and in construing it, it is not to be assumed that the legislature would attempt to furnish protection to the defendant in one class of suits authorized by the

section and not in other suits which were intended to be embraced within it. The provision apparently is intended to include every case where a discovery could be required under the section, and it provides, upon the discovery and re-payment of the money or other thing to be discovered and re-paid, the person who shall discover and re-pay the same shall be acquitted, indemnified and discharged from any other punishment, forfeiture or penalty. The suits brought by complainant are not for the discovery and re-payment of money alleged to have been won by the defendant, for that right of action, if it existed, was in Dutch and Geddes. If complainant should recover in his suits it could not be said that the penalties were re-paid to him and the county of Cook. Neither of them paid or lost anything, and the money could only be re-paid to the party who paid it. Complainant's suits are popular actions by an informer for penalties in a special action on the case, and not for the recovery and re-payment of anything which he has lost or which he ever had. The provision for indemnity manifests the intention of the legislature as to what classes of cases are intended to be embraced in the section. It cannot be supposed that they intended to protect the defendant against prosecutions under his disclosure if the loser sued merely for the amount that he had lost, and to furnish no protection if an informer sued for three times the amount. We do not find it necessary to construe the statute so as to bring it in conflict with the constitution, but conclude that the legislative intention was that the discovery should only be such as may be had in other actions for the discovery and re-payment to the loser of money or property or other thing to be discovered and re-paid to the one who lost it.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to sustain the demurrer.                    *Reversed and remanded.*