# Fireman's Fund Insurance Co. v. Hellner.

### *Action on Insurance Policy.*

(Decided April 15, 1909.   49 South. 297.)

1. *Insurance; Cancellation of Policy; Jury Question.*—The question as to whether defendant's agent had complied with instructions from the company to cancel the policy under its terms was one for the jury, under the evidence in this case.

2. *Same; Cancellation of Policy.*—Some affirmative act by the agent being necessary to effect a cancellation, the fact that the agent of the insurance company received a telegram from the company directing him to cancel certain policies, did not of itself operate as a cancellation thereof.

3. *Same; Regulation; Validity.*—Section 4594, Code 1907, is constitutional and valid, and authorizes a recovery in the nature of a penalty of 25 per cent of the loss covered by the policy for a violation of the statute, but not of the loss sustained not covered by the policy.

4. *Evidence; Opinion Evidence; Conclusion.*—Testimony by an employe of the tariff association that he thought the defendant insurance company was a member of the tariff association, but did not think the agency which issued the policy was within the jurisdiction of any stamping office, was not a mere conclusion but tended to show that the defendant was connected with the tariff association, which was within the issues made by the pleading.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Nathan Hellner against the Firemen's Fund Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint was in Code form as to counts 1, 2, and 3. Counts 4, 5, and 6, were also in Code form, with the additional allegation that the plaintiff claims of the defendant the further and additional sum of $900, for that the defendant, at the time of the making of the contract of insurance hereinbefore mentioned, or subsequently thereto, belonged to, or was a member of, or in some way connected with, a tariff association or such like, or had an understanding with some person, corporation, or association engaged in the business of insurance, as agent or otherwise, about a particular rate of premium which should be charged or fixed for the kind or class of insurance risk provided for in said policy. The defendant pleaded the general issue, and two separate pleas, as follows: (2) "For further answer, the defendant says that by the terms of the policies, copies of which are hereto attached, and marked Exhibits A, B, and C, the defendant company had the right to cancel said policies at any time by giving five days' notice of such cancellation; and this defendant avers that on, to wit, the 5th day of July, 1906, the defendant company did cancel the policies in accordance with the terms of said policy, by giving to the plaintiff the requisite notice, and that at the time of the alleged loss of the goods the cancellation of said policy had become effective." (3) Same as 2, except that it sets out the condition in the policies as follows: "This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation"—and it is then averred that notice was given and the policies canceled as provided for in the policy, and that at the time of the loss the policies had become non existent.

The policies were in the sum of $3,000 on a stock of goods, and the other two were in the sum of $250 each, and covered store fixtures and furniture, and household

and kitchen furniture.  Mr. Young testified that he was stamping clerk for the Southeastern Underwriters' Association, and that he thought the Fireman's Fund Insurance Company was a member of the old Southeastern Underwriters' Association, but did not know whether they belonged to the new association or not; that he thought the Firemen's Fund Insurance Association was a member of the Southeastern Tariff Association on the 18th of June, 1906, but that he did not think Evergreen was under the jurisdiction of any stamping office; that the rates are made by the Southeastern Tariff Association; and that the stamping clerk sees that these rates are complied with, etc.  The evidence for the defendant was that about July 4th, 5th, or 6th, notice was given to Hellner by Brooks, an agent of the company, that he had received a telegram, which read, "Calcel numbers ———, ———," which were Hellner's policies; that he read the telegram to Hellner and left it with him; and that it was within a half hour or hour thereafter he served written notice on Hellner of the cancellation of his pilicies, and requested that he call at his office with the policies duly canceled, and receive return ot premium pro rata.  The fire occurred on July 29, 1906.  The testimony for the plaintiff tended to show that Brooks handed Hellner the telegram, but gave him no further or other notice of the cancellation, but told him to keep the policies until he could write to the company and find out all about it.  The telegram was addressed to Brooks, but was left with Hellner after being read by Brooks.

KING, SPALDING & LITTLE, and RAY RUSHTON, for appellant.  The court below erred in refusing to grant defendant's motion to exclude the testimony of the witness Young, and in admitting over the objection of the defendant the inventory prepared by the witness Donald.

[Fireman's Fund Insurance Co. v. Hellner.]

The court erred in refusing the general affirmative charge.—110 Ill. App. 471; 113 Fed. 653; 9 R. I. 562. The court should have given written charge 2.—Authorities supra, and 59 Tex. 507; 36 Mich. 507; 38 Cal. 541; 33 N. H. 203; Biddle on Insurance, sec. 376; 1 May on Insurance, 122; Joyce on Insurance, sec. 1670. The court erred in its oral charge to the jury.—Authorities supra, and 96 S. W. 601. The court erred in instructing the jury that if the plaintiff was entitled to recover at all, he was entitled to recover the penalty.—165 U. S. 150; 21 L. R. A. 189; 12 L. R. A. 70; 134 U. S. 232. Even should the classification under this statute be a proper one, the statute is discriminatory in that it can be applied only to policies of insurance on property.—*Youngblood v. Birmingham R. & S. Co.*, 95 Ala. 521; *Carter Bros. v. Coleman*, 84 Ala. 256; *Mayer v. Stonewall I. Co.*, 53 Ala. 570; 113 U. S. 703; 129 U. S. 29; 118 U. S. 356. The statute is in violation of the rights guaranteed by the Constitution.—*S. & N. R. R. Co. v. Morris*, 65 Ala. 193; *L. & N. R. R. Co. v. Baldwin*, 85 Ala. 627; *Randolph v. B. & T. S. Co.*, 106 Ala. 501; 78 Ill. 55; 165 U. S. 150; 19 S. W. 910. The statute is unreasonable in application.—*L. & N. v. Baldwin, supra.* The legislature exceded its power in directing the construction that the court should place upon the statute.—*Lindsey v. U. S. & L. Assn.*, 120 Ala. 156; Secs. 42 and 43, Const. 1901. The court should have granted a new trial.—*L. & N. R. R. Co. v. Sullivan L. Co.*, 126 Ala. 95.

HAMILTON & CRUMPTON, and STEINER, CRUM & WEIL, for appellee. There was sufficient conflict in the evidence as to what happened between Brooks and the plaintiff to require a submission to the jury as to whether or not there was a cancellation. A provision in an insurance policy reserving to the insurer the right to cancel same

is strictly construed, and the conditions imposed upon it with respect to giving notice of cancellation must be strictly performed.—*Continental I. Co. v. Parks*, 142 Ala. 650; 13 Fed. 74; 18 Cyc. 648; 2 Joyce on Ins. sec. 1660; 37 L. R. A. 131; 51 N. I. 465; 25 Barb. 189; 51 Ill. 342; 155 N. Y. 163; 152 N. Y. 653. The notice must be distince and unequivocal.—3 Mo. App. 611. The notice was not sufficient.—*Gallaher v. State Mutual*, 150 Ala. 543; *Travellers I. Co. v. Brown*, 138 Ala. 526; 62 Ark. 382; 51 Ill. 342; 55 Barb. 28; 25 Barb. 190; 75 Mo. 310. The statute is constitutional.—*Continental I. Co. v. Parks, supra.*

ANDERSON, J.—The appellant had the right, under the terms of the policy, to cancel same upon five days' notice to the insured. Whether or not a return of the premium for the unexpired period, or the notes for same, was a condition precedent to the exercise of this right, we need not decide, as the trial court seems to have ruled favorably to the appellant upon this point. Under either theory of the evidence, the company did no more than notify its agent, Brooks, to cancel said policies. As to whether Brooks complied with the instructions, and actually canceled same, was a question for the jury. The message to Brooks did not operate per se as a cancellation of the policies, but merely instructed him to do so, and until there was affirmative action on his part, canceling same, they remained in force and effect. Of course, had the telegram actually canceled the policies, instead of delegating the duty of so doing to Brooks, and he exhibited the telegram to the insured, it might be questionable whether or not Brooks could have bound the company by any subsequent action looking to a continuation of the policies, inasmuch as the telegram disclosed to the insured the want of authority to do so;

but the telegram in question was not a peremptory cancellation by the company, to be communicated through Brooks, and was at most a direction to him to cancel, and there was no cancellation unless he actually complied with the direction given him. While there is a conflict in the authorities upon this question, we think the conclusion reached in the case at bar is not only sound and reasonable, but is supported by the majority of the leading and best-considered cases.—*Mohr Distilling Co. v. Ohio Ins. Co.*, (C. C.) 13 Fed. 74; 18 Cyc. p. 648; 2 Joyce on Insurance, § 1660; *Jno. R. Davis Lbr. Co. v. Hartford F. Inc. Co.*, 95 Wis. 226, 70 N. W. 84, 37 L. R. A. 131; *Van Valkenburg v. Lenox F. Ins. Co.*, 51 N. Y. 465; *Goit v. National Protection Ins. Co.*, 25 Barb. (N. Y.) 189; *Aetna Ins Co. v. McGuire*, 51 Ill. 342; *Van Tassel v. Greenwich Ins. Co.*, 151 N. Y. 130, 45 N. E. 365; *Tisdale v. New Hampshire F. Ins. Co.*, 11 Misc. Rep. 20, 32 N. Y. Supp. 166, affirmed 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765; *Niche v. Am. Central Ins. Co.*, 152 N. Y. 635.

Section 4594 of the Code of 1907 (section 2619 of the Code of 1896), provides for a recovery of 25 per cent. on the amount of the actual loss or damage, if the insurer belonged to, or was a member of, or in any way connected with, any tariff association, etc., either at the time of the issuance of the policy or subsequently before the trial. This statute was upheld as not being unconstitutional in the case of *Continental Co. v. Parks*, 142 Ala. 650, 39 South. 204, and we need only to cite and reaffirm said decision. The appellant insists, however, on a point not discussed and considered in the Parks Case, supra, that the penalty is fixed on the loss or damage sustained, regardless of the amount of the insurance. We think the clear intent and meaning of the statute is to authorize the recovery in the nature of a penalty of 25 per cent.

[Theo Poull & Co. v. Foy-Hays Construction Co.]

on the amount to which the insured is entitled, under the policy—ex vi termini, 25 per cent. of the loss or damage as covered in the policy, and not 25 per cent. of the loss or damage sustained and not covered by the policy. Indeed, the trial court properly put this construction on the statute, and instructed the jury that the penalty meant 25 per cent. on the amount which the plaintiff was entitled to recover under the policy. The ruling of the trial court upon the pleading and charges as to the penalty claimed was in harmony with the statute.

The evidence of the witness Young was more than a mere conclusion or opinion, and tended to show that the defendant was connected with the tariff association, and the trial court did not err in declining to exclude same in its entirety.

The judgment of the city court is affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.