# American Central Insurance Co. v. Pepper.

## Assumpsit.

(Decided April 23, 1912.   Rehearing denied May 8, 1913.   62. South. 397.)

*Witnesses; Privilege; Civil Action; Penalty.*—The provisions of section 6, Constitution 1901, must be liberally construed, and hence, where plaintiff in an action on a fire policy also sought to recover the penalty of twenty-five per cent because defendant was a member of an underwriters association, contrary to the provisions of sec. 4594, Code 1907, the defendant was privileged to refuse to answer interrogatories propounded under section 4049, et seq., Code 1907, on the ground that to answer the interrogatories would expose the defendant to a penalty or a forfeiture.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

Action by J. H. Pepper against the American Central Insurance Company. Judgment by default for failure to answer interrogatories, and defendant appeals. Reversed and remanded.

The second interrogatory is as follows "Did the defendant on the 6th day of March, 1912, or at any other time from the 6th day of March, 1912, up to including the day you filed your answers to these interrogatories, belong to or was the defendant a member of or in any way connected with the Southeastern Underwriters' Association of Atlanta, Ga., or any other place?" "Has the defendant made any agreement or any understanding with any other person, corporation, or association engaged in the business of insurance as agent or otherwise about any particular rate of premiums which should be charged or fixed for any kind or class of insurance risk?" "Does the defendant know anything about the Southeastern Underwriters' Association of Atlanta, Ga., or of any other place?" "What business has the Southeastern Underwriters' Association been engaged in during the year 1912 or prior thereto?" "Has the defendant ever had any transaction of any kind or any business relations or any connections in any way, shape, or form or fashion with the Southeastern Underwriters' Association of Atlanta, Ga., or of any other place, and, if so, what relation has the defendant had with such Underwriters' Association?" "Has there ever any letters passed between the defendant and said Underwirters' Association? If so, attach them, both those sent and those received, and mark them and refer to them so that they may be identified." "Has the defendant ever written any letters or caused any letters to be written to the Southeastern Underwriters' Association of Atlanta, Ga.? If so, attach copies, if copies were kept, together with the replied received, and mark and identify them." "Did the defendant have, or has the defendant had, any contract of any kind with the Southeastern Underwriters' Association of Atlanta, Ga., or with any other tariff association on the 6th day of

March, 1912. If so, attach copies of same with answers, and mark and identify the same."

KNOX, ACKER, DIXON & SIMS, for appellant. The question involved is whether or not the court was right in entering judgment by default because of failure to answer interrogatories. There is no question but what sec. 4595 imposes a penalty.—1 Tiedman on S. & F. Control of Personal Property 105; *Continental I. Co. v. Parks,* 142 Ala. 650; *Fireman Fund I. Co. v. Hellner,* 155 Ala. 447. To have answered the interrogatories in the affirmative could have subjected defendant to a criminal prosecution under sec. 7581, Code 1907. The proceeding authorized by sec. 4049, et seq., Code 1907, is governed by the same rule as bills of discovery in chancery as far as respects the nature of the discovery, and the effects of the answer.—*Saltman v. Bower,* 22 Ala. 221; *Crymes v. White,* 37 Ala. 549; *Cain L. Co. v. Standard O. Co.,* 108 Ala. 346. Equity will not lend her aid to criminal prosecutions, or actions penal in their nature, controversies involving moral turpitude, etc.—*Robinson v. Craig,* 16 Ala. 50; 1 Pom. sec. 197, 202. A person is not required, and cannot be compelled either orally or by interrogatories to disclose matters which will subject him to a criminal prosecution or to a penalty or forfeiture.—14 Cyc. 362; *So. Ry. v. Bush,* 122 Ala. 470; 116 U. S. 616; 142 U. S. 547. The court erred in any event in rendering judgment by default without the intervention of a jury.—*Manhattan F. I. Co. v. Fowler,* 76 Ala. 372; *Home Protection v. Caldwell Bros.,* 85 Ala. 607.

RIDDLE & BURT, and RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. The court properly directed a judgment by default on failure of defendant to answer inter-

rogatories.—*Goodwyn v. Harrison*, 6 Ala. 438; *L. & N. v. Hall*, 91 Ala. 112; *B. R., L. & P. Co. v. Oden*, 51 South. 240. The granting of the judgment in this case, was a matter within the discretion of the court.—*Goodwyn v. Harrison supra; Poole v. Harrison*, 18 Ala. 518; *Sparks v. Reeves & Co.*, 51 South. 574. It is a question for the court and not for defendant to decide as to what interrogatories shall or shall not be answered.—*So. Ry. v. Bush*, 122 Ala. 470; *Sparks v. Reeves, supra.* The construction given by the Supreme Court of United States to section 5 of the Federal Constitution is not binding on the state court in construing a similar provision in the state constitution.—*So. Ry. v. Bush, supra; Thorington v. Montgomery*, 147 U. S. 490.

WALKER, P. J.—This was an action on a fire insurance policy. The complaint alleged that at the time of the making of the policy sued on, or subsequently and before the time of the trial of this case, the defendant was a member of or in some way connected with a tariff association, or such like thing, or that the defendant had made an agreement or had an understanding with some other person, corporation, or association engaged in the business of insurance, as agent or otherwise, about a particular rate of premium which should be charged or fixed for some kind or class of insurance risk (Code, § 4594; Acts 1911, p. 316); and it claimed, in addition to the amount named in the policy sued on, 25 per cent. of such amount. The plaintiff filed interrogatories to be propounded to the defendant pursuant to the statute authorizing one party to a suit to take the testimony of the other party.—Code, § 4049 et seq. The defendant declined to answer interrogatory 2 (which will be set out by the reporter), upon the ground, among others, that to answer that interrogatory

would tend to expose it to the penalty or forfeiture of 25 per cent. which was claimed in the complaint. The court ruled that the defendant was not entitled to decline to answer that interrogatory, and, upon the defendant's continued refusal to answer it, granted the motion of the plaintiff for judgment against the defendant by default for failing and refusing to answer separately and severally each question propounded in that interrogatory. Exceptions were duly reserved to the rulings of the court in this connection. A party to whom his adversary propounds an interrogatory may decline to answer it, if "by the answer he subjects himself to a criminal prosecution."—Code, § 4057. It is not disputed that the apellant's answer to the interrogatory mentioned would tend to expose it to a judgment for an amount over and above the amount proven to be due on the policy sued on, as provided by the statute above referred to. The contention of the appellee is that the appellant, by answering the interrogatory, would not have subjected itself "to a criminal prosecution" within the meaning of that expression as it is used in the statute, and that for this reason the rulings of the trial court must be sustained.

The similarity of the language used in the statute last mentioned to that used in the Constitution when dealing with the same subject indicates that the statute by its statement of the exception to the requirement that a party answer interrogatories propounded to him simply recognized that a party to a cause, when made a witness by his adversary, is entitled to the privilege which is protected against legislative impairment by the constitutional provision "that in all criminal prosecutions the accused  *  *  *  shall not be compelled to give evidence against himself" (Constitution of Ala. § 6), and that there was an absence of any intention on the

part of the Legislature to withhold from such party in
that event any part of the protection against being re-
quired to testify against himself which is guaranteed by
the quoted provision of the Constitution.    The constitu-
tional provision itself has been recognized to be one
which simply declared an established rule of the com-
mon law, and prohibited any change in the rule by legis-
lation.—*Southern Railway Co. v. Bush,* 122 Ala. 470,
26 South. 168; Jones on Evidence, § 884.    And the pro-
vision, being one for the security of person and prop-
erty, is not to receive a close and literal construction,
but is to be liberally construed, to the end that the in-
tended immunity from compulsory testimony against
one's self be not impaired.    It has resulted from the
application of this rule of construction to very similar
provisions, such as that contained in the fifth amend-
ment to the Constitution of the United States, that "no
person shall be compelled in any criminal case to be a
witness against himself," that they have been given the
effect of affording such a broad protection to a witness
in the matter of testifying against himself as to entitle
him to claim the immunity in any proceeding, civil or
criminal, though at the time no prosecution has been
commenced against him, though the liability to which
his answer may tend to expose him is not strictly or
technically a criminal one, but is merely penal or quasi
criminal in its nature, as in the case of a penalty or a
forfeiture, and though it is enforceable against him in
a proceeding which is a civil one in its form.—*Boyd v.
United States,* 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed.
746; *Counselman v. Hitchcock,* 142 U. S. 547, 12 Sup.
Ct. 195, 35 L. Ed. 1110; *Lees v. United States,* 150 U. S.
476, 14 Sup. Ct. 163, 37 L. Ed. 1150; *Robson v. Doyle,*
191 Ill. 566, 61 N. E. 435; Note to *Evans v. O'Conner,*
75 Am. St. Rep. 316, 321, 322; *Ex parte Clarke,* 103

Cal. 352, 37 Pac. 230; Wigmore on Evidence, §§ 2256, 2257.

In the opinion rendered in the case of *Southern Railway Co. v. Bush*, 122 Ala. 470, 26 South. 168, the court indicated its assent to the rules for construing such provisions touching the privilege of a witness to decline to testify against himself as were applied in the cases above cited; but held that the damages recoverable in that action, which was one brought under the statute "to prevent homicide," were not to be regarded as a penalty imposed by law, and that the defendant therein in being required to give testimony having a tendency to show that it was liable to the plaintiff for such damages was not required to give testimony having a tendency to expose it to a liability which was either criminal or quasi criminal in its nature. The grounds of that decision are indicated by the following statement made in the opinion "If the damages recoverable in an action of this character were, strictly speaking, a penalty imposed by law, we would be inclined to give to our constitutional provision on the subject the same construction that has been placed on the similar provision of the federal Constitution, and to hold that the defendant could not be compelled, even by statute, to give or furnish evidence in aid of a recovery against it. But while the damages recoverable are undoubtedly, under our former rulings, punitive in their nature, and not compensatory, they are not in a strict sense a penalty, nor is the action penal, or quasi criminal, within the meaning of the constitutional provisions as above construed. The statute is remedial, and not penal, and was designed as well to give a right of action where none existed before, as to 'prevent homicides,' and the action given is purely civil in its nature for the redress of private, and not public wrongs."

Such a statement as the one just quoted cannot be made with reference to the liability of an insurance company which is provided for by section 4594 of the Code as it has been amended by the act of 1911. In construing the original statute, it was said in the opinion rendered in the case of *Continental Insurance Co. v. Parkes*, 142 Ala. 650, 39 South. 204: "The manifest purpose of the statute was to prevent monopoly and to encourage competition. The evil thus intended to be remedied was one violative of public policy as defined by the common law. The statute only imposes a penalty on what was already offensive to public policy. It did not make that which was innocent an offense, but simply provided a punishment for doing that which was already prohibited. In other words, it is a legitimate exercise of the police power of the state." When the statute was considered in the subsequent case of *Fireman's Fund Insurance Co. v. Hellner*, 159 Ala. 447, 49 South. 297, 17 Ann. Cas. 793, it was again recognized as authorizing the recovery of a penalty imposed as a punishment for a public wrong. The nature of the liability which it imposed was not at all changed by the amendment of it made by the act of 1911. As to the nature of the liability imposed and the recovery permitted, there is a marked distinction between this statute and the one (Code, § 2486) giving a right of action for a wrongful act, omission, or negligence causing death. The latter, being one which gives a right of action in tort which did not exist before and prescribes the character of damages recoverable in a suit to enforce such newly created right of action, may be regarded as remedial throughout, its entire scope being to give a new remedy and to specify the character of damages recoverable in the action authorized for its enforcement; while the purpose of the former statute is to give to

one having a cause of action in contract the right in a suit on such cause of action, to recover, not damages for a breach of the contract sued on which before were not recoverable, but a penalty for a public offense committed by the defendant. In the one case the provision is for the redress of wrongful conduct considered as a private grievance; the damages recoverable, though punitive in their nature, being such as have been sustained by the plaintiff in the action or those in whose behalf he sues, and the conduct complained of, in so far as it may constitute a public offense, being left to be dealt with in a criminal prosecution instituted in behalf of the state and prosecuted in its name. In the other case the recovery allowed by the statute is in no sense of damages sustained by the plaintiff in consequence of the breach of the contract sued on, but is of an amount for which the defendant has subjected itself to liability by its breach of a police regulation precribed for the protection of the public, the plaintiff in the action being made the beneficiary of the punishment of the defendant for a wrong distinctly public in its nature.

If the statute had called the amount to be paid by the offending insurance company a fine and had provided for its liability being enforced by an indictment, instead of in an action on a policy issued by it, it is not to be supposed that a question would be made as to its right to claim the privilege of refusing to furnish testimony to support the charge made against it. To recognize the privilege against self-incrimination in such a case, and to deny its existence in the instance one, would amount to construing the statute granting the privilege strictly and according to its letter, and not liberally and in furtherance of the protection which it was the manifest object of the Legislature to afford, and to make the existence of the privilege dependent upon

the form of the proceeding in which it is claimed rather than upon the kind of liability to which the party as a witness may be exposed by being required to testify against himself. Such a controlling influence is not to be given to the mere names and the forms of proceedings. In the case of *Miller v. State,* 110 Ala. 69, 20 South. 392, which was a bastardy proceeding, criminal in form, as provided by the statute (Code, § 6364 et seq.), it was held that the proceeding was not a criminal prosecution within the meaning of the statute prohibiting comment upon the failure of the defendant in a criminal case to testify in it, and that the trial court had not erred in overruling an objection to the conduct of the solicitor in referring in his argument to the fact that the defendant had refused to testify. On similar considerations a court, looking at the substance and effect of the thing, rather than its mere form, may be justified in concluding that a proceeding which is in form a civil suit is criminal or quasi criminal in its nature so far as it is made the means of imposing a punishment provided by law for a public offense. "In any case, the form of the proceeding is not decisive, for in the name of the state a proceeding essentially civil is sometimes conducted; and conversely a specific penalty for wrongdoing is sometimes made recoverable at the suit of an informer or other person by way of encouraging detection and prosecution."—3 Wigmore on Evidence, § 2257.

Though the requirement of the statute (Code, § 4057) is that a party must "answer all pertinent interrogatories, unless by the answer he subjects himself to a criminal prosecution," and though this case, so far as it is an action to recover the amount due on a policy of insurance is not a criminal prosecution, yet, for the reasons which it is believed have been sufficiently indi-

cated by what has been said above, it is the conclusion of the court that so far as the proceeding is one for the enforcement of the penalty to which an insurance company subjects itself by becoming a member of a tariff association or other like thing, or by having an understanding or agreement with another or others in reference to rates of premium to be charged for any insurance risk, it is in its nature a penal or quasi criminal proceeding, and is within the meaning and purpose of the statute defining the duty of a party to a cause in answering interrogatories propounded by his adversary; so that the defendant, in refusing to answer the interrogatory which has been set out, was within the privilege conferred by that statute. It follows that the court was in error in its rulings to the contrary.

Reversed and remanded.