**Matthew G. Rodisch and John W. Moore, for use of Estate of Levi Moore, Deceased, Plaintiffs in Error, v. Aaron C. Koethe et al., Defendants in Error.**

## Gen. No. 17,186.

1. PENALTIES—*nature of action for.* A suit, though civil in form, brought to recover penalties for offenses against the laws of the state, is a criminal case within the meaning of the Constitution.

2. CRIMINAL LAW—*calling defendant.* In a suit to recover penalties, a request that defendant be sworn disturbs his free choice and is calculated to harm him.

3. MUNICIPAL COURT ACT—*cross-examination of defendant in suit for penalties.* The Municipal Court Act, § 33, providing for calling defendant for cross-examination, is not applicable in suit to recover penalties for offenses against the laws of the state.

4. WILLS—*failure to file.* Where the probating of a second will is set aside by decree of court, failure to file the first will until such time does not impose liability under R. S. ch. 148, § 12.

Error to the Municipal Court of Chicago; the Hon. WILLIAM H. DIETERICH, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed March 24, 1913.

EASTMAN & WHITE and RALPH R. HAWXHURST, for plaintiffs in error; C. VAN ALEN SMITH, of counsel.

WARREN B. WILSON, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiffs, here the plaintiffs in error, brought a suit against the defendants, here the defendants in error, to recover a penalty of twenty dollars per month for fifty months, under section 12 of chap. 148, Wills, of the Rev. Stat., for wrongfully withholding a certain will and codicil. On a hearing before the court without a jury the court found for the defendants and, entering judgment thereon, the plaintiffs sued out this writ of error.

The evidence shows that Levi Moore made a will March 20, 1900, and a codicil thereto Aug. 21, 1902, hereinafter designated the first will. On December 12, 1903, he made another will, in which he appointed the defendant Aaron C. Koethe executor. Mr. Moore died on May 3, 1906, and on May 21, 1906, the will, dated December 12, 1903, which will be hereafter designated the second will, was filed in the Probate Court of Cook county and duly proven and admitted to probate July 30, 1906. On July 23, 1907, a bill was filed in the Circuit Court of Cook county, the nature of which does not appear in the Abstract of the Record, but it is said by counsel in their briefs it was to set aside said sec-

ond will, and on May 25, 1910, a decree was entered therein finding the said second will was not the last will and testament of the said Moore, and setting aside the order probating same on the ground that Koethe's wife was a witness thereto under the authority of Fearn v. Postlethwaite, 240 Ill. 626. Thereupon, June 1, 1910, the said first will was presented and filed in the Probate Court. On July 29, 1910, the plaintiffs brought this action.

The plaintiffs offered in evidence on the trial the answers of William and Edward Rowlett filed in the said cause in the Circuit Court, wherein Mr. Pendarvis was the solicitor for the said Rowlett, and on objection thereto the same were excluded. The statements contained therein were in no way material to the issues in the case at bar, nor were they competent evidence against Mr. Pendarvis or other of the defendants. The plaintiffs also offered the answer of the defendant Koethe filed in the said Chancery suit in the Circuit Court, which was also excluded. This would have been competent evidence as against the defendant Koethe had it contained anything material to the issues here presented, which it did not. The said answers were therefore properly excluded.

The plaintiffs complain of the ruling of the court in sustaining the defendants' objection to plaintiffs calling the defendants for cross-examination under section 33 of the Municipal Court Act. The ruling of the court was correct. The said provision of section 33 is not applicable to this action. Where the suit, though civil in form, is brought to recover penalties for alleged offenses against the laws of the State, they are criminal cases within the meaning of the Constitution. Robson v. Doyle, 191 Ill. 566; 30 Am. & Eng. Ency. of Law (2nd Ed.) p. 1159, and cases there cited. In United States v. Kimball, 117 Fed. Rep. 156, p. 160, is stated the law as we view it: ''To demand or request that he (the defendant) be sworn is an attempt to choose for him, which constrains his acceptance and

coerces him to make public choice in the presence of the jury. This would be misconduct on the part of the prosecution, intended and calculated to harm the defendant, disturb his free choice, and prejudice the jury in case of declination. This protection relates solely to a defendant."

There is no competent evidence shown in the abstract tending to show that the defendants or any of them other than Koethe had in his or their possession and withheld the said first will. The evidence did show that the said Koethe had the possession and custody thereof and did not file same in the Probate Court until June 1, 1910.

The second will was by the adjudication in the Probate Court the last will and testament of the said Moore until the decree of the Circuit Court was entered May 25, 1910, to the contrary. Chicago Title & Trust Co. v. Brown, 183 Ill. 42. Immediately after the said decree the said first will was filed in the Probate Court. Under such circumstances we are of the opinion Koethe was not liable in an action to recover a penalty under the statute in question.

The other questions argued are without merit and need not be mentioned.

The judgment is affirmed.

*Affirmed.*