## UNITED STATES v. SOLOMON.
### No. 549.

District Court, E. D. Illinois.
Feb. 16, 1944.

Ray M. Foreman, U. S. Dist. Atty., of Danville, Ill., for plaintiff.

Lansden & Lansden, of Cairo, Ill., for defendant Morris Solomon.

WHAM, District Judge.

This suit is a civil action by the United States of America for an injunction and to recover a judgment in the nature of a penalty against the defendant Morris Solomon under the provisions of Section 499c, Title 7, U.S.C.A., Section 3 of the Perishable Agricultural Commodities Act approved June 10, 1930, 46 Stat. 531, as amended. The allegations of the complaint are that defendant from September 18, 1941, to and including the date of the filing of the complaint on May 22, 1942, was engaged in the business of handling perishable agricultural commodities as a commission merchant, dealer, or broker within the meaning of the Act, at Cairo, Illinois, without a valid and effective license therefor from the Secretary of Agriculture. Plaintiff asks a money judgment of $500 plus $25 for each day defendant has engaged in business without such license and that defendant be enjoined from carrying on such business. Defendant's answer denies the material allegations of the complaint. The case was submitted to the court without a jury.

Said Section 499c of said Act provides that no person shall at any time carry on the business of a commission merchant, dealer, or broker without a license issued by the Secretary of Agriculture valid and effective at such time and that any person who violates any provision of this subdivision shall be liable to a penalty of not more than $500 for each such offense and not more than $25 for each day it continues which shall accrue to the United States and may be recovered in a civil suit brought by the United States.

In the trial of the case, upon motion of the government and over the objections of defendant's counsel, the court permitted the government to call the defendant under Rule 43 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as an adverse party and subject him to cross-examination. Said Rule. 43 plainly provides for such cross-examination if this be an action which is controlled by said Rules.

Rule 81 which relates to the general applicability of the Rules does not exclude civil suits for penalties though it does, in a limited measure, exclude "forfeiture of property for violation of a statute of the United States" from their applicability. When Rule 1 is considered the question immediately arises as to whether a suit for a penalty or a forfeiture imposed as punishment for violation of a statutory inhibition as opposed to compensation for damages can be considered to be within the Rules regardless of Rule 81. Rule 1 reads: "These rules govern the procedure in the district courts of the United States in all suits of a civil nature * * * with the exceptions stated in Rule 81."

In the case of Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, the court said, "We are also clearly of opinion that proceedings instituted for the purpose of declaring a forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal." Page 634 of 116 U.S., page 534 of 6 S.Ct. Again the court said on the same pages, "As, therefore, suits for penalties and forfeitures, incurred by the commission of offenses against the law, are of quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the fourth amendment of the constitution, and of that part of the fifth amendment which declares that no person shall be compelled in any criminal case to be a witness against himself."

It is quite clear that the penalties prescribed by said Section 499c are meant to be and operate as a punishment for violations of law and though such penalties are to be recovered in a civil suit such suit though civil in form is not of a "civil nature" to which the Federal Rules of Civil Procedure are limited but of a criminal or quasi criminal nature. Wherefore, under the terms of said Rule 1, a suit for penal-

ties such as that before the court is not within the scope of the Rules.

In view of what I have said it would seem that it was error to compel defendant to undergo cross-examination by government counsel over objections of his counsel. See Rodisch v. Koethe, 178 Ill.App. 286. The testimony so taken and the evidence thereby adduced may not and will not be considered but will be wholly disregarded. Since the case is before the court without a jury, a mistrial is not necessary nor required since its consideration and determination can and will be limited to the competent evidence adduced at the trial.

■ From the competent evidence in the case it appears and I find that the defendant Morris Solomon, during the period from September 18, 1941, to March 24, 1942, carried on the business of a dealer in a perishable agricultural commodity, namely, potatoes, which was a fresh vegetable within the meaning of said Perishable Agricultural Commodities Act and the regulations promulgated thereunder; that during said period he received twenty-two carloads, or carload lots, of potatoes which had been shipped and were in interstate commerce at the time he received them; that the business as carried on by said defendant was a wholesale business though a small portion of the commodity so handled was sold in the retail trade; that in conducting said business he used and made use of the name "Solomon Produce Company" which was sometimes abbreviated "Solomon Produce Co." or "Solomon Prod. Co."; that in so far as the Solomon Tie & Timber Co., Inc., or Solomon Tie & Timber Co. participated in said business it did so as an instrumentality of the defendant Morris Solomon; that during said period defendant had no license issued by the United States Secretary of Agriculture which entitled him to do business as a dealer in any perishable agricultural commodity or commodities; nor had any such license been issued to Solomon Produce Company by that name or any of the other names above mentioned, or to the defendant by any other name; that during said period from September 18, 1941, to March 24, 1942, it appears and I find that defendant was continuously engaged in said business not less than 160 days.

Defendant contends that the potatoes in question were not fresh vegetables within the meaning of the Act and the regulations. The evidence shows that they were not new but neither were they dehydrated. They were subject to rapid deterioration and decay due to the effects of heat and cold and other unfavorable conditions. Some of them were actually frozen or had been frozen and were in bad condition and were sold by defendant at a special price because of that fact. I find that the potatoes so dealt in by defendant were fresh vegetables and a perishable agricultural commodity within the meaning of the Act.

■ The defendant contends that because the cars were ordinarily consigned to shipper, or some other name, "Advise Solomon Produce Company", or one of the other names used by it, that they were not in interstate commerce when Solomon Produce Company received them nor at any time when defendant received or handled them in his business. Practically all of them were shipped from Minnesota. It is my view that they were still in interstate commerce when defendant received them at Cairo, Illinois. Furthermore, using the trucks of the Solomon Tie & Timber Company, defendant transported the potatoes to several different states from Cairo, Illinois, and others in large quantities were sold to others to be transported from the state. They were purchased and obtained by him for that purpose.

■ Counsel for government contends that under the statute a separate penalty of $500 can lawfully be imposed for each of the twenty-two carloads of potatoes handled by the defendant. The statute does not clearly so state and it must be strictly construed against the government and in favor of the defendant. The offense which is penalized by not more than $500 for each offense is carrying on the designated business without a license. The complaint does not charge nor does the evidence show that he carried on the business during more than the one period. In addition to the penalty of not more than $500 aforesaid the statute prescribes a penalty of not more than $25 for each day the business continues. After considering the evidence, I have found that the proof shows that he unlawfully carried on the business without license not less than 160 days.

The evidence does not show and it is not suggested in the briefs filed by government counsel that the government is entitled under the evidence or under the Act to an injunction against the defendant.

414

Under the findings and conclusions heretofore stated I adjudge against the defendant the sum of $500 for carrying on the business of dealer under the Act without a license and the sum of $5 for each of the 160 days the business continued, or $800, making a total of penalties of $1,300, with costs of suit.

This memorandum may stand and be filed herein as the court's findings and conclusions. Counsel for government may present judgment pursuant thereto, upon notice to counsel for defendant.