ADAMS, Justice.
This case arises from an accident in which Sidney Rudolph was injured by a co-employee, Johnnie T. Gwin, Jr., while working for the City of Bessemer. Rudolph is appealing from the summary judgments entered in favor of Gwin. We affirm.
Rudolph and Gwin worked in the Sanitation Department of the City of Bessemer. On June 3,1985, while on his regular route, Rudolph was severely injured when he was run over by the garbage truck driven by Gwin. Rudolph contends that immediately prior to the accident Gwin was reading a Penthouse magazine and drinking a 16-ounce beer that Malcom Brown, another employee on the truck, had purchased at the Cool Ice Company. Rudolph testified that he saw Gwin drink two sips of the beer. Brown’s affidavit denied that Gwin had consumed a beer and denied that he had purchased a beer for him; furthermore, Brown testified that he did not see Gwin reading anything prior to the accident.
Several other affidavits of co-workers were also filed. Each affidavit stated that Gwin had not been seen drinking an alcoholic beverage prior to leaving to go on his route on the morning of June 3, 1985. The affidavits stated nothing about Gwin’s conduct after he left on his route. There were also affidavits from the police officers who *583 responded to the accident. Each of these affidavits stated that immediately following the accident Gwin did not appear to be intoxicated and that his breath did not smell of alcohol.
Rudolph sued Gwin, alleging negligence and wanton, reckless, and willful conduct as the cause of his injuries. The trial court granted a summary judgment in favor of Gwin on the negligence claim and on the “wanton and reckless” claims. Discovery continued, and Gwin subsequently moved for a summary judgment on the claim of willful conduct, arguing that there was not a scintilla of evidence to support the claim. The trial court granted Gwin’s motion, and Rudolph appealed.
There are two issues on appeal:
1) Are the defendant’s summary judgments on the negligence, wantonness, and recklessness claims due to be reversed, specifically, is Ala.Code 1975, § 25-5-11, as amended, in violation of Section 13, Constitution of Alabama 1901?
2) Did the trial court err in granting Gwin’s summary judgment on the willful conduct claim, specifically, was there a scintilla of evidence that the defendant’s conduct was willful?
. I.
This Court recently upheld the constitutionality of Ala.Code 1975, § 25-5-11, as amended. See Reed v. Brunson, 527 So.2d 102 (Ala.1988). In Reed we set forth, in detail, our reasons. On the authority of Reed, the summary judgment on the negligence claim is due to be affirmed.
II.
The plaintiff also appeals from the summary judgment on his claim of “willful” misconduct. The distinction between “willful” and “wanton” misconduct, as it applied in § 25-5-11, was also discussed in detail in our opinion in Reed, supra. In that case, the defendant/employee instructed the plaintiff to clean up concrete on the floor around a mixer that was operating at the time without a side-guard shield. The plaintiff was using a pneumatic chipping gun to remove the concrete when he slipped and fell toward the mixer. His hand was caught in the mixer and was injured. Although the Court stated that the actions of the defendant might constitute negligence or wantonness, they did not reach the level of willful conduct.
In the instant case, the only evidence supporting Rudolph’s allegation of willful misconduct was that Gwin was seen taking two sips of one beer and was reading a Penthouse magazine immediately pri- or to the accident. Assuming the jury believed this evidence, on the authority of Reed, it still would not be sufficient to support a claim based on willful misconduct.
However, Rudolph also made a claim based on “willful conduct” under § 25-5-ll(a). Section 25-5-ll(c)(3) reads in pertinent part:
(c) As used herein, “willful conduct” means:
(3) The intoxication of another employee of the employer when the conduct of that employee has wrongfully and proximately caused injury or death to the plaintiff or plaintiff’s decedent....
Looking at the evidence in a light most favorable to Rudolph, Gwin had one 16-ounce beer in his possession and Rudolph saw him taking two sips. Rudolph presented no other evidence that Gwin had been drinking or was intoxicated.
The word “intoxication” in the statute should be given its plain and ordinary meaning, unless the context of the word or the intent of the legislature suggests otherwise. See Ex parte Pepper, 185 Ala. 284, 64 So. 112, reversing American Cent. Ins. Co. v. Pepper, 9 Ala.App. 191, 62 So. 397 (1913); Monogram Hardwood Co. v. Louisville & N. R.R., 6 Ala.App. 629, 60 So. 949 (1913). Black’s Law Dictionary (5th ed. 1979) at 738, defines “intoxication” as follows:
Term comprehends situation where, by reason of drinking intoxicants, an individual does not have the normal use of his *584 physical or mental faculties, thus rendering him incapable of acting in the manner in which an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would act under like conditions.
Likewise, “intoxication” has also been defined as “the condition of being drunk.” Webster’s Ninth New Collegiate Dictionary, (1985 ed.) at 634. Thus, one who is “intoxicated” is distinguishable from one who has been “drinking,” because not every one who “drinks” an alcoholic beverage will be “intoxicated.” Given the plain and ordinary meaning of the word “intoxication”, we conclude that the legislature did not intend to include “drinking” in its definition of “willful” conduct in § 25-5-ll(c)(3).
Even if a jury was convinced that Gwin had taken two sips of beer, or even that he had drunk the entire 16-ounce beer, this would have been insufficient, without additional evidence, for the jury to find “intoxication.” There was no other evidence of “willful” conduct; therefore, the trial court properly granted Gwin’s summary judgment on the willful misconduct claim.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.